National Association of the National American Association v. Susan Kirgin et al. ; Susan Kirgin, Interpleader, Appellant ; Minerva Snodgrass, Interpleader, Respondent.

**St. Louis Court of Appeals, November 22, 1887.**

Benevolent Associations — Change of Beneficiary. — Under the laws of a benevolent association which provide that the supreme lodge can alone issue a benefit certificate and that a member has the exclusive right to change the beneficiary, which he may do by surrendering the certificate to the subordinate lodge and the payment of a fee of fifty cents, the rights of the new beneficiary attach immediately upon such surrender of the old certificate and the payment to the subordinate council of the fee.

Appeal from the St. Louis Circuit Court, Daniel Dillon, Judge.

*Affirmed.*

John R. Myers and J. M. Holmes, for the appellant.

Christian & Wind, for the respondent.

Thompson, J., delivered the opinion of the court.

On the eighth day of May, 1886, Alvin O. Snodgrass was a member in good standing of Washington Association, Number Three, of a benevolent order or organization, known as the National American Association, and held what is known as a benefit certificate, payable to his aunt, Susan Kirgin. On that day he met with an accident of a character so serious that he was advised by an attending physician, in reply to a question as to his condition, that if he had anything to settle he had better do so. Thereupon, he called a friend named Murphy, who was also a member of Washington Association, Number Three, and requested him to take

his benefit certificate to the association and surrender it, and pay the fee of fifty cents, required by the rules of the order to be paid, and request them to issue a new certificate, payable to his wife, Minerva Snodgrass. Mr. Murphy took the certificate to Washington Association that night, surrendered it to the secretary of the association, requested him to issue a new certificate payable to Mrs. Snodgrass, paid the fee of fifty cents, and a minute of the transaction was made in the record of the proceedings of the association for that evening. On the following day Mr. Snodgrass died. On the day following his death (May 10, 1886), the secretary of Washington Association surrendered his certificate to the secretary of the representative governing body of the order, which is called the National Association of the National American Association; requested a new certificate to be issued, naming Minerva Snodgrass, wife of Alvin O. Snodgrass, as the beneficiary, and paid the fee of fifty cents therefor. This was done, and on the same day the secretary of Washington Association delivered the new certificate to Mrs. Snodgrass. When the secretary of Washington Association procured from the secretary of the National Association, this change of certificate, on May 10, neither he nor the secretary of the National Association knew that Mr. Snodgrass had died on the preceding day.

Mrs. Kirgin and Mrs. Snodgrass having been required to interplead for the fund accruing to the beneficiary in this contract of insurance, the substantial question for decision is, whether what was done by and on behalf of Mr. Snodgrass amounted to a change of disposition of the fund, such as it is conceded he had the right, under the laws of the order, to make. The statutes of the order, which were put in evidence, sufficiently show that what is known as the widows' and orphans' benefit fund, is under the exclusive control of the National Association; that this association is a representative body, composed of delegates of subordinate,

associations, and has a permanent secretary who attends to merely ministerial duties. Although the laws of the organization do not prescribe the precise manner in which a member of a subordinate association shall proceed in order to surrender a certificate and have a new one issued changing the beneficiary, yet it sufficiently appears that a member of the order, who is a member of a subordinate association, receives his certificate, settles his dues, and surrenders his certificate through his subordinate association. In fact there is nothing in the constitution and laws of this organization which indicates that it differs at all in this respect from numerous other organizations of this kind, with which the courts have to deal judicially, which is composed of a supreme governing body, and subordinate associations or lodges. It is not necessary to set out the provisions of its constitution and statutes in detail; it is sufficient to say that it is a reasonable conclusion from their provisions that Mr. Snodgrass, being a member of Washington Association, Number Three, could only surrender his benefit certificate for the purpose of having a new one issued, changing the beneficiary, through his subordinate association, and that he could not have done it by dealing directly with the National Association.

His right to make the surrender and order the change is not questioned. It is provided, in express terms, by one of the laws of the order, that a "member in good standing may surrender his benefit certificate and have a new one issued by paying a fee of fifty cents." He made such a surrender to his association, paid the required fee, and the association made a record of it while he was yet alive. In doing this he did all that the laws of the order required to be done on his part in order to have a new certificate, changing the beneficiary. His right to make the change was absolute. There is nothing in the constitution and laws of the order which indicates that, he being a member in good standing, and the person whom he desired to be named as beneficiary in the new certificate being a person having an insurable interest in

his life, either his subordinate association or the National Association had any negative upon his choice, or any right to refuse his request. What followed was, therefore, merely ministerial, and was not affected by his death. His power to make a change in the disposition of the fund being absolute, when he exercised this power as fully as he could exercise it under the laws of the organization, the contingent right of his wife to the fund in the event of his 'death attached, and the fact that the certificate was issued after his death is immaterial, since the certificate is not the right itself, but merely the evidence of the right.

It is argued that Washington Association was merely an agent of Mr. Snodgrass to transact this business for him with the National Association. Why should we so hold? It was not an agency selected by him, nor had he any choice in the selection of the agent. It is as much in conformity with legal analogy to say that Washington Association was the agent of the National Association as that it was the agent of Mr. Snodgrass. Why should we resort to refinements of this kind for the purpose of defeating a disposition of a fund, made in the very article of death, by the person who alone had the right to dispose of it, which disposition, though not a will, was testamentary in its nature?

The judgment of the circuit court, awarding the fund to Mrs. Snodgrass, will be affirmed. It is so ordered. All the judges concur.