GRAND LODGE OF ANCIENT ORDER OF UNITED WORK-
MEN *v.* KOHLER.

| 106 | 121 |
|-----|-----|
| 126 | 364 |
| 106 | 121 |
| s63NW | 897 |
| 132 | 88 |

MUTUAL BENEFIT ASSOCIATIONS—CHANGE OF BENEFICIARY BY WILL.
Under the rules of a mutual benefit association providing that a member may change his beneficiary by indorsement upon his certificate and surrender of the same for reissue, such

change may be effected by will, where the certificate was delivered for safe keeping to the beneficiary named therein, who afterwards refused to surrender it, and the local body has declined to permit the change to be made without its production.

Appeal from Wayne; Hosmer, **J.** Submitted June 12, 1895. Decided July 2, 1895.

Bill of interpleader by the Grand Lodge of the Ancient Order of United Workmen of the State of Michigan against Mary Kohler and others to determine the ownership of the proceeds of a membership certificate. From a decree in favor of the legatees of the deceased member, Julius A. Kohler, defendant Mary Kohler appeals. Affirmed.

*Albert P. Jacobs,* for complainant.

*William Look (Edward Minock* and *Ira G. Humphrey,* of counsel), for appellant.

*Charles Flowers,* for remaining defendants.

Montgomery, J. Complainant filed a bill of interpleader, paying into court the amount named in a beneficiary certificate issued to Julius A. Kohler. The contest is between the defendant Mary Kohler, the former wife of Julius A. Kohler, and the beneficiaries named in the will of Julius A. Kohler, by which instrument he attempted to effect a change of beneficiaries. Mary Kohler, the wife, was named as beneficiary upon taking out the certificate. The rule of the order upon the subject provides that—

"Any member desiring to change his beneficiaries may do so in the following manner, viz.: He shall fill out the blank form on the back of his beneficiary certificate, authorizing the change; he shall have his signature attested by the recorder of his lodge, and the seal of the lodge attached thereto. When this is done, he shall deliver his beneficiary certificate to the recorder of his lodge, together with a fee of fifty cents. The recorder

shall forward the said certificate and fee to the grand recorder, who shall make a record of the change in the books of the grand lodge, and shall issue a new certificate in lieu thereof, payable as directed on the back of the surrendered certificate."

After the certificate was issued, the deceased and Mary Kohler were divorced. Some time prior to his death, Mr. Kohler sent a messenger to Mary Kohler for the certificate. She declined to deliver it, and stated that it was not then in her possession. On the 23d of November, 1891, he made a sworn application to the lodge of which he was a member for the privilege of changing the beneficiary, setting out that he had been divorced from his wife, Mary Kohler; that she had possession of the certificate, and refused to surrender the same; and asking that a change of beneficiary be made. This application was disapproved at a meeting of the lodge, and on the 8th of December, 1891, deceased executed a last will and testament, disposing of the fund to become due on the certificate, and died a few days thereafter. The court below sustained this testamentary disposition of the fund.

Counsel representing Mrs. Kohler claim that there was a gift of the certificate to her by Mr. Kohler, and that after the separation she kept up the payment of the dues. We are not satisfied that there was any gift; on the contrary, we think that the testimony on behalf of Mary Kohler, fairly construed, shows that the certificate was handed to her for safe keeping, and falls far short of establishing that the deceased intended to part with his right to make a change in beneficiary. The case falls within the holding in *Grand Lodge of A. O. U. W.* v. *Noll*, 90 Mich. 37. See, also, *Grand Lodge of A. O. U. W.* v. *Child*, 70 Mich. 163.

The decree will be affirmed, with costs against the appellant.

The other Justices concurred.