## MODERN BROTHERHOOD OF AMERICA *v*. MATKOVITCH ET AL.

### [No. 8,288.   Filed April 2, 1914.]

1. APPEAL.— *Assignment of Errors.— Parties.—Designation.*—Notwithstanding the caption to an assignment of errors names all the parties as appellees, except one who was nominally plaintiff below, the assignment is sufficient where the names of those who were appellants, as well as those who were appellees, appeared from the body of such assignment. p. 9.
2. INSURANCE.— *Mutual Benefit Insurance.— Beneficiary.*— While as a general rule the insured under a mutual benefit certificate can change the beneficiary only in the manner prescribed by the by-laws, equity never requires impossibilities, and will aid imperfect changes and regard that done which ought to be done. p. 13.
3. INSURANCE.—*Mutual Benefit Insurance.—Change of Beneficiary.*—The right of the beneficiary under a mutual benefit certificate is not, during the life of the insured, an indefeasible right, but is subject to be defeated by a change of beneficiary in the manner prescribed in the by-laws or certificate. p. 13.
4. INSURANCE.—*Mutual Benefit Insurance.—Change of Beneficiary.—Mode of Changing Designation.*—Where a mutual benefit certificate was wrongfully withheld from the insured by the beneficiary named therein, so that it was impossible for the former to procure a change of beneficiary in accordance with the by-laws, which required a surrender of the original certificate, and

insured did all that she could do under the circumstances to effect the change, equity will regard the change as made.  p. 15.

5.  INSURANCE.—*Mutual Benefit Insurance.*—*Change of Beneficiary.* —*Change by Will.*—In the absence of some other fact or facts in aid of the change, one insured under a mutual benefit certificate can not effect a change of the beneficiary by the mere execution of a will.  p. 16.

From Lake Superior Court; *Virgil S. Reiter*, Judge.

Action by the Modern Brotherhood of America against George Matkovitch and others to determine the rightful claimants to the proceeds of a benefit certificate issued by plaintiff.  From a judgment for defendant Louis Grahovac, this appeal is prosecuted.  *Reversed.*

*James W. Brissey*, for appellant.
*J. A. Patterson* and *C. E. Greenwald*, for appellees.

FELT, J.—The title of this cause is in the form above indicated and seems to have been kept the same on appeal as in the court below, notwithstanding that the real controversy is between the parties appearing in the caption in the position of appellees.  However, both in the caption and the body of the assignment of errors, notwithstanding the position of the parties, George Matkovitch, Joe Matkovitch, Mary Krizmanich and Barney Cohen, executor of the will of Bara Grahovac, deceased, are clearly designated as appellants and Louis Grahovac, is designated as appellee.  The assignment of errors is therefore sufficient to present the questions on behalf of the appellants as against the appellee, notwithstanding the erroneous form of the caption.  *Town of Windfall City* v. *State, ex rel.* (1910), 174 Ind. 311, 314, 92 N. E. 57; *Ferguson* v. *Despo* (1893), 8 Ind. App. 523, 34 N. E. 575.

On December 26, 1906, the Modern Brotherhood of America, a fraternal benefit association organized under the laws of the state of Iowa, issued a benefit certificate for $1,000 to one Bara Grahovac in which appellee Louis Grahovac, her husand, was named as beneficiary.  Bara Grahovac died

on May 28, 1910, while the benefit certificate was in full force and effect. The assured in her lifetime, attempted to change the beneficiary named in the certificate and to make the same payable one-half to her former husband, George Matkovitch, and one-fourth to each of her children, the appellants, Joe Matkovitch and Mary Krizmanich. The association did not dispute the claim, and filed in the lower court a pleading in which it named as defendants, Louis Grahovac, and the appellants, and stated that the beneficiary therein named was claiming the benefits due on the certificates as against the other codefendants, and *vice versa;* that it desired to pay into court the sum of $1,000 for the use of the persons legally entitled thereto and to be released from all further liability on the certificate. The court made an order in accordance with the request and the association in pursuance thereof paid the sum of $1,000 to the clerk of the court and the court thereupon ordered the defendants "to interplead between themselves for said sum."

The appellants and the appellee filed cross-complaints in which they set up their several claims. The first and second paragraphs were dismissed. The court sustained the demurrers of appellee to the third and fourth paragraphs for insufficiency of the facts alleged to state a cause of action, and upon appellants' refusal to plead further, rendered judgment against them, from which this appeal is prayed. Appellants, George Matkovitch, Joe Matkovitch and Mary Krizmanich each separately and severally assign error of the court in sustaining the demurrer of appellee, Louis Grahovac, to the third paragraph of the cross-complaint. The appellant, Barney Cohen, executor of the last will and testament of Bara Grahovac, deceased, separately assigns error of the court in sustaining the demurrer of said appellee to the fourth paragraph of the cross-complaint.

The third paragraph filed by the appellants, separately and severally, against their codefendant, Louis Grahovac, avers in substance that plaintiff is and was at all times

therein mentioned, a fraternal society organized and engaged in the business of issuing benefit certificates to its members, providing for payment of a certain sum of money at the death of the member holding the certificate in force at the time of such death; that on December 29, 1906, Bara Grahovac became a member of a subordinate lodge of the association, which association issued to her a benefit certificate for $1,000; that Louis Grahovac, her husband, was beneficiary therein; that at the time the certificate was issued, Bara and Louis Grahovac were living together as husband and wife; that Bara Grahovac died on May 28, 1910, and the certificate was then in full force and effect; that four months prior to her death Louis Grahovac wholly abandoned her without cause and against her wishes and failed and refused to live with her and make any provision for her care and support; that during all this time she was a helpless invalid without money or means of any kind, and it was necessary that she have constant care and nursing; that Louis Grahovac was able to provide such care and wholly failed so to do; that George Matkovitch was her former husband, and Joe Matkovitch and Mary Krizmanich are the children of such marriage; that after she was abandoned by Louis Grahovac, she was taken to the home of the cross-complainants where she remained and was cared for by them until her death; that the terms of the certificate required that the sum of seventy-five cents per month be paid to keep the certificate in force; that the cross-complainants paid all assessments for a period of four months prior to said death; that at the time decedent and her husband, Louis Grahovac, separated, he wrongfully secured the possession of the benefit certificate and continuously thereafter retained the same against the wishes of the decedent until her death; that prior to her death she requested Louis Grahovac to return the certificate to her which he wrongfully and continuously refused to do; that the by-laws of the association provided that the beneficiary can

be changed and a new beneficiary substituted, by filling out the surrender clause on the back thereof and designating the change and the name of the person to be substituted, and by surrendering the old certificate to the secretary of the subordinate lodge to which the member belongs and paying a fee of fifty cents; provided that all beneficiaries designated shall be within the class mentioned in §130 of the chapter, which provides that ''benefit certificates shall be made payable only to the husband, wife, relative, legal representative, heir or legatee of the member''; that Bara left a will which was duly probated in which the cross-complainants were named as legatees (setting out copy of the will); that after she desired to make a change in the beneficiary the decedent did not have possession of the certificate, and had no knowledge of the rules of the society relative to making changes of beneficiaries; that on May 18, 1910, she sent a written notice to the association notifying it of her desire to change the beneficiary therein to the cross-complainants, naming them; that the notice was received by the society and it refused to make any change in the beneficiary and in a letter dated May 21, 1910, written in reply to the request for the change, gave as the ground of such refusal that the letter was not sufficient authority to make the change and instructed her to fill out the blank on the back of her certificate and send this, together with fifty cents, to the secretary of the local lodge; that in a later letter dated May 25, 1910, addressed to the local secretary, the decedent through her attorney requested that the beneficiary be changed at once as stated in the enclosed letter, also stating that she could not locate the present beneficiary and that he had squandered her money and she desired the proceeds of the policy to be bestowed upon the persons in whom she was interested; that she had made a will in accordance with this request; that she was unable to secure the policy but would like to have the old policy cancelled and another issued; that the brotherhood refused and failed

to change the beneficiary in the certificate, wholly by reason of the fact that Bara Grahovac was unable to return the certificate as requested and for no other reason; that Bara Grahovac performed all and singular the conditions of the benefit certificate, as far as lay within her power under the conditions aforesaid, to perfect the change of beneficiaries and was prevented from so doing by the wrongful and unlawful acts of Louis Grahovac in retaining possession of the certificate and the refusal of the brotherhood to make the change without the certificate; that the brotherhood has paid into this court the sum of $1,000 as the proceeds of the benefit certificate to be disposed of according to law. The fourth paragraph filed by the executor, seeks to claim the benefits under the provisions of the will of the insured, without any averments to show a change or attempt to change the beneficiary.

Appellee waives all irregularities in the presentation of the questions and seeks to meet the contention of appellants on the merits. "It is the general rule that a

2. member of a benefit society, holding a certificate of insurance, and desiring to change the beneficiary named therein, must make an application and pro-
3. cure the change in accordance with the by-laws of the society providing the manner in which such change may be made." *Isgrigg* v. *Schooley* (1890), 125 Ind. 94, 97, 25 N. E. 151. The beneficiary named in the certificate providing for a change of the beneficiary, "does not, during the lifetime of the member, have an indefeasible right in the contract or fund, but such beneficiary has an interest which can only be defeated by a change effected in the manner provided by the by-laws, and such is the universal doctrine by this court and courts in general. But there are exceptions to this general doctrine. Equity will aid imperfect changes of beneficiaries, and it considers that done which ought to have been done, and never requires impossibilities." *Isgrigg* v. *Schooley, supra.* See, also, *Knights*

*of Maccabees* v. *Sackett* (1906), 34 Mont. 357, 86 Pac. 423, 115 Am. St. 532; *Holland* v. *Taylor* (1887), 111 Ind. 121, 126, 12 N. E. 116. In *Knights of Maccabees* v. *Sackett, supra,* the supreme court of Montana said: "By paying the money into court the association waived, so far as it could do so, the failure of the insured to comply strictly with the by-laws of the order; but such waiver could not impair rights which became vested upon the death of the insured. With respect to mutual benefit insurance, it is well settled that the insured may at will change the beneficiary. It is a general rule that in making such change the insured must proceed in accordance with the regulations contained in the policy and by-laws of the association, and any material deviation from the course thus marked out will invalidate the transfer; but to this rule certain exceptions have been noted. In a leading case upon this subject the exceptions are announced as follows: '1. If the society has waived a strict compliance with its own rules, and in pursuance of a request of the insured to change the beneficiary, has issued a new certificate to him, the original beneficiary will not be heard to complain that the course indicated by the regulations was not pursued. 2. If it be beyond the power of the insured to comply literally with the regulations, a court of equity will treat the change as having been legally made. 3. If the insured has pursued the course pointed out by the laws of the association, and has done all in his power to change the beneficiary; but before the new certificate is actually issued, he dies, a court of equity will decree that to be done which ought to be done, and act as though the certificate had been issued.' *Supreme Conclave, etc.* v. *Cappella* [1889], (C. C.), 41 Fed. 1." In *Luhrs* v. *Luhrs* (1890), 123 N. Y. 367, 25 N. E. 388, 9 L. R. A. 534, 20 Am. St. 754, the court said: "We will consider an attempted change of beneficiaries complete without undue regard for technicalities." In *Bishop* v. *Grand Lodge, etc.* (1889), 112 N. Y. 627, 20 N. E. 562, it is said: "The

change of appointment may be sustained without the issuance of a new certificate of insurance.'' The same strictness is not observed where the controversy is between different claimants, as is observed where the company is denying that a person claiming the fund is the beneficiary. Where the company acknowledges liability and seeks only to be protected from complications in making payment, there are many cases where incomplete changes have been held sufficient by the application of equitable principles.

Our Supreme Court has applied equitable principles to aid an incomplete change of beneficiaries, where the original beneficiary wrongfully withheld from the insured the benefit certificate and rendered it impossible for the insured to comply literally with the by-laws and regulations of the company with respect to such changes. In *Isgrigg* v. *Schooley, supra,* it was held that a certificate similar to the one here under consideration, vested in the insured the right to change the beneficiary; that the right of the named beneficiary was subject to the right of the insured to change the beneficiary in the manner prescribed in the by-laws or the certificate; that where the beneficiary wrongfully withheld the certificate from the insured and the latter did all he could under the circumstances to effect the desired change, equity will regard the change as made, since the insured had the right to the possession of the certificate and the right to deliver it and have the desired change made, but could not do so by reason of the acts of the named beneficiary in wrongfully withholding the certificate. The same principle has been applied where the certificate was lost, and the insured was unable to comply with a rule requiring the surrender of the old certificate, but otherwise complied with the regulations. The application of equitable principles to transfers made or attempted under circumstances similar to those set up in the third paragraph of the cross-complaint is well supported by authority, in other jurisdictions. *Grand Lodge, etc.* v. *Child*

(1888), 70 Mich. 163, 171, 38 N. W. 1; *Lahey* v. *Lahey* (1903), 174 N. Y. 146, 154, 66 N. E. 670, 61 L. R. A. 791, 95 Am. St. 554; *Grand Lodge, etc.* v. *Kohler* (1895), 106 Mich. 121, 63 N. W. 897; *Ancient Order of Gleaners* v. *Bury* (1911), 165 Mich. 1, 4, 130 N. W. 191, 34 L. R. A. (N. S.) 277; *Marsh* v. *Supreme Council, etc.* (1889), 149 Mass. 512, 518, 21 N. E. 1070, 4 L. R. A. 382; *Titsworth* v. *Titsworth* (1889), 40 Kan. 571, 20 Pac. 213; *Manning* v. *Ancient Order, etc.* (1887), 86 Ky. 136, 140, 5 S. W. 385, 9 Am. St. 270; *Simcoke* v. *Grand Lodge, etc.* (1892), 84 Iowa 383, 386, 51 N. W. 8, 15 L. R. A. 114. The facts alleged in the third paragraph of the cross-complaint show that the appellee wrongfully took the certificate and upon request therefor refused to surrender it, and thereby made it impossible for the insured to comply with the regulations prescribed for a change of beneficiary, and, situated as she was, deprived her of the necessary information as to the requirements of the change. The case in its essential facts is like that of *Isgrigg* v. *Schooley, supra,* and that case and the other cases cited warrant the application of equitable principles to the question presented here and lead to the conclusion that the third paragraph states facts sufficient to constitute a cause of action. Therefore the court erred in sustaining appellee's demurrer thereto.

The fourth paragraph is by the executor of the will of the decedent, and without showing any attempt on the part of the insured to change the beneficiary, relies on

5.    the provisions of the will to make such change. Under some peculiar conditions, where something has been done evincing intention to change the beneficiary, in addition to the making of a will which attempts so to do, the original beneficiary has been held to be entitled to the proceeds of such benefit certificate. Our courts have indicated that the rule in this State is, that without some other fact, or facts, in aid of the change the insured cannot change the beneficiary by the execution of a will. *Holland*

v. *Taylor* (1887), 111 Ind. 121, 128, 12 N. E. 116; *Masonic, etc., Society* v. *Burkhart* (1887), 110 Ind. 189, 10 N. E. 79, 11 N. E. 449; *Mason* v. *Mason* (1903), 160 Ind. 191, 196, 65 N. E. 585; *Grand Lodge, etc.* v. *Kohler, supra; Grand Lodge, etc.* v. *Noll* (1892), 90 Mich. 37, 51 N. W. 268, 15 L. R. A. 350, 30 Am. St. 419; *Grand Lodge, etc.* v. *Fisk* (1901), 126 Mich. 356, 364, 85 N. W. 875. The fourth paragraph of the amended complaint relies wholly on the provisions of the will of the decedent to effect the change of beneficiary from appellee to appellants and is therefore insufficient.

For the error of the court in sustaining the demurrer to the third paragraph of the cross-complaint, the judgment is reversed, with instructions to the lower court to overrule the demurrer to the third paragraph of the cross-complaint, to permit the amendment of the pleadings if so desired by the parties, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 104 N. E. 795. See, also, under (1) 2 Cyc. 985; (2) 29 Cyc. 130, 133; (3) 29 Cyc. 125; (4) 29 Cyc. 133, 134; (5) 29 Cyc. 135. As to effect of beneficiary in mutual benefit insurance, see 52 Am. St. 561. As to changing beneficiary otherwise than in prescribed method, see 15 L. R. A. 350. As to the right to change beneficiary by will, see 4 L. R. A. (N. S.) 939.
(5) 29 Cyc. 135.