## ALMY ET AL. v. THE COMMERCIAL TRAVELERS ASSOCIATION OF INDIANA.

[No. 8,397. Filed November 24, 1914. Rehearing denied April 15, 1915. Transfer denied June 18, 1915.]

1. PLEADING.—*Complaint.—Answer.—Ruling on Demurrer.*—Until a good complaint has been placed on file, an answer has no office to perform, and the ruling on a demurrer thereto presents no error. p. 256.

2. INSURANCE.— *Mutual Benefit Insurance.— Change of Beneficiaries.—Rights of Former Beneficiary.—By-Laws.*—A cross-complaint by a former beneficiary of decedent under a mutual benefit certificate, disclosing the fact that the beneficiary had been changed and a new certificate issued which was in force at decedent's death, and alleging that the change of beneficiaries was not made in accordance with a by-law requiring proof of notice to the beneficiary named in a certificate before a change of bene-

ficiary could be made, was insufficient to show any right of action in cross-complainant. pp. 257, 259.

3. INSURANCE.—*Mutual Benefit Insurance.—Rights of Beneficiary.* —A beneficiary in a mutual benefit certificate ordinarily has no indefeasible or vested interest in the certificate, owing to the fact that the power of changing the beneficiary is usually reserved to the person insured either by a by-law of the association or by statute. p. 257.

4. INSURANCE.—*Mutual Benefit Insurance.—Contracts.—By-Laws.* —The by-laws of a mutual benefit society are regarded as a part of the contract between it and one to whom a certificate is issued. p. 258.

5. INSURANCE.—*Mutual Benefit Insurance.—Change of Beneficiaries.—By-Laws.—Waiver.*—The provision in a by-law of a mutual benefit society providing that proof of notice to the beneficiary named in a certificate is necessary before a change of the beneficiary may be had, is for the protection of the society and one which it may waive, so that on a change of beneficiary being consummated during the lifetime of the member without compliance with such by-law, the original beneficiary, if without any previously acquired equity in the certificate, can not attack the change. p. 259.

From Superior Court of Vigo County; *John E. Cox*, Judge.

Action on the petition of The Commercial Travelers Association of Indiana to require the defendants to interplead for the purpose of determining the person entitled to the benefits under a certificate of insurance. From the judgment rendered, this appeal is prosecuted. *Affirmed.*

*Davis, Bogart & Royse*, for appellants.
*Barrett & Barrett* and *George H. Batchelor*, for appellee.

HOTTEL, C. J.—The appellee, "The Commercial Travelers' Association of Indiana", is a fraternal organization composed of commercial travelers engaged in business in the State of Indiana. The by-laws of this organization provide that a certificate of membership therein shall carry with it certain death benefits hereinafter more particularly set forth.

On October 30, 1886, Charles W. Almy became a mem-

ber of said association and there was on that date issued to him a certificate of said association No. 948, which reads as follows:

"No. 948. Payable to Allie Almy, wife. The Commercial Travellers Association of the State of Indiana. (Indiana State Seal.) This is to certify that Charles W. Almy of Terre Haute, Indiana, is an accepted member of the Commercial Travellers Association, of the State of Indiana; that he is subject to all the requirements, and entitled to all the benefits of said association. In Witness Whereof,"

etc., signed by its president and secretary. At the time of the issuing of this certificate the insured and Allie Almy were husband and wife. Afterwards and before the issuing of the other certificates hereinafter indicated they were divorced. On May 29, 1897, Charles W. Almy presented to the board of directors of said association his written request for a change of beneficiary in his certificate of membership in said association, which request was as follows:

"Terre Haute, Ind., May 29, '97.
To the Board of Directors,
    Commercial Travelers' Association of Indiana.
    Please change beneficiary on certificate of membership No. 948, which is hereby surrendered, from Allie Almy, my wife, to Iva Belle Almy, our daughter.
                    Charles W. Almy."

Upon this request the board of directors of said association cancelled said original certificate of membership and ordered issued a new certificate, No. 2024, which was substantially the same as No. 948 above, except the number and date and the name of the beneficiary thereof, and except also that the latter certificate contained the following additional words: "Issued in lieu of certificate number 948, surrendered." On June 22, 1903, said Charles W. Almy again presented his request in writing, substantially the same as his former request above set out, asking for a change of beneficiary on his certificate of membership, and that he himself be

named as the beneficiary. Thereupon the association cancelled certificate No. 2024, and issued a new certificate, No. 2387, which certificate except as to such changes was substantially the same as No. 2024. On December 31, 1904, said Charles W. Almy presented to said association the following written request:

"To the Commercial Travellers' Association of Inda. and the Board of Directors.

Gentlemen:—I hereby return my certificate No. 2387 which is payable to myself, and ask that a new certificate be issued in lieu thereof, and that my sister Mrs. Clara Grant be named and designated as beneficiary, and I now surrender this certificate for that purpose. December 31st, 1904.                Charles W. Almy."

On January 7, 1905, said association cancelled said certificate No. 2387, and issued a new certificate, being No. 2453, payable to Clara Grant, the form of which was substantially the same as before indicated. This certificate No. 2453 was outstanding on June 10, 1910, at which date Charles W. Almy died a member of said association.

On July 25, 1910, appellee filed in the Vigo Superior Court, a bill of interpleader, naming as defendants therein, Clara Grant, Iva Belle Almy and Allie Almy. In this petition appellee sets out at length the facts connected with the issuing to Charles W. Almy of the several certificates of membership in such association and the surrender and cancellation by an order of its board of directors of all of such certificates except that issued payable to Clara Grant. Such petition also sets out a copy of the articles of incorporation, constitution and by-laws of such association, and avers that Charles W. Almy died on June 10, 1910; that there is due and owing from it to the beneficiary of Charles W. Almy the sum of $2,000 less an assessment of $3 tendered by each of said defendants; that such defendants are each claiming the money due on the membership of Charles W. Almy. The petition asks that the defendants thereto be required to interplead in order that the court may deter-

mine which of them is entitled to the benefits payable by appellee by reason of the death of Charles W. Almy. A demurrer was filed to this petition of interpleader but was never ruled on. As to such petition no other or further entry is shown by the record.

The appellant, Iva Belle Almy, filed a pleading in two paragraphs which she terms a cross-complaint, naming as sole defendant therein, the appellee association. These paragraphs differ from each other, in that the cross-complainant, in the first paragraph, seeks to recover on the second certificate, being the one issued to herself, and in the second paragraph she seeks to recover on the first certificate as assignee of her mother, Allie Almy.

Each of these paragraphs alleges the issuing of each of the several certificates and the cancellation of each certificate except that payable to Clara Grant, all as above set out, and the particular certificate on which recovery is predicated in the particular paragraph is set out in such paragraph. Each of such paragraphs also contains the following sections of appellee's by-laws, viz.:

"Sec. 7. Any member making application for a new certificate on the ground that original is destroyed or lost or for change of beneficiary, may have request granted upon filling out and signing the regular form provided for such cases; Provided, That where the name of the beneficiary is to be changed, such applicant shall also furnish proof in writing that he has notified the beneficiary named in such certificate, then held by him and desired to be changed, or show good cause why such notice can not be served, that he requests such change to be made by the Board of Directors, giving the time when he shall ask such change, or in lieu of such notice, such applicant shall furnish a request from such beneficiary, directing such change to be made, but the board of directors shall have full power and authority to grant or refuse to make such change, and any decision made by such board shall be final and conclusive and shall not be reviewable, and upon changing the name of the beneficiary as herein provided, the benefit certificate so held by such member shall be by him surrendered

and a new one in lieu thereof issued, and upon the issuing of such new certificate all liability of said Association under such former certificate shall cease and be determined, and such certificate shall be void, and the only liability of this association shall be under and by virtue of such last certificate so issued as herein provided. All applicants for change as herein provided shall, with their application pay to the treasurer a fee of fifty cents. Sec. 2. Upon the death of a member of the association, and within forty-five days after the receipt of satisfactory proof of the death of such member, the board of directors shall pay the executor or administrator of the deceased member, or to the beneficiary or beneficiaries named in the benefit certificate issued to such member, if a beneficiary or beneficiaries be named therein, * * *"

Then follow the provisions of such by-law showing the basis on which the amount of benefits is determined and averments showing performance by appellant of the things required of her by such by-laws, and that the amount of her recovery should be $2,000.

In connection with the averments as to the surrender and cancellation of each of said certificates of membership each paragraph of cross-complaint alleged in substance (omitting names and numbers), that at the time of delivering said certificate number —— to said association and receiving said certificate number —— in lieu and place thereof Charles W. Almy wholly failed to furnish to said association any proof in writing whatsoever that he had notified the beneficiary named in the certificate to wit, —— giving the time when he should ask such change, and did not furnish such proof, and did not so notify said —— of his intention to apply to the association for a change of beneficiary, and Charles W. Almy at that time wholly failed to show to the association any good cause why such notice could not then have been served on said ——, and Charles W. Almy at that time wholly failed to and did not furnish to said association any request to make such change of beneficiary from said —— to said —— named in the

certificate number —— as the beneficiary, and that such beneficiary therein named never made any request for such change.

To these paragraphs of cross-complaint the association appeared and filed a special answer in two paragraphs, the first of which, sets out in full the various certificates issued to Charles W. Almy, the assured's several written applications for a new certificate and change of beneficiary, the substance of each of which we have hereinbefore set out, and the action of appellee's board of directors in the cancellation of the old and the issuing of the new certificate in each case.

The answer admits the existence of section 7 of the by-laws, set out in the cross-complaint, and sets out §5042 Burns 1908, §3 Acts 1877 p. 6, viz., "All certificates of membership, policies or other evidences of interest in any Masonic, Odd Fellow or other benevolent or charitable association, society or incorporation, named in section 1 of this act, shall be regarded as a contract between the person whose life is insured by such certificate of membership, policy or other evidence of interest, and the association, society or incorporation of which he is a member; and it shall be lawful for such association, society or incorporation to change the name or names of the payee, beneficiary or beneficiaries named in such certificate of membership, policy or other evidence of interest, on such terms and conditions as the parties to the contract may agree to." This paragraph contains other averments, most of which are of an argumentative character, and need not be set out.

The second paragraph of answer to said cross-complaint admitted the issuing of said several certificates as alleged in the cross-complaint and averred that under the law of the State of Indiana no beneficiary had any vested interest in either of said certificates; that Charles W. Almy to whom they were each issued retained the custody and control of each until its surrender, and each certificate, except that

issued payable to Clara Grant was voluntarily surrendered by him to the appellee and such surrender duly accepted by appellee's board of directors and each of such certificates was by such board duly cancelled more than five years before the death of Charles W. Almy. To each of these answers the cross-complainant, Ivy Belle Almy filed a demurrer which was overruled and exceptions were properly saved by her. The appellant declined to plead further and stood on the ruling of the court on her demurrer to each of the answers to her cross-complaint, and thereupon the court rendered judgment against her on such cross-complaint and for appellee for costs.

Appellant, Iva Belle Almy, alone assigns error in this court, and the ruling on her demurrer to the answers of appellee to her cross-complaint is relied on for a reversal. She concedes that the sole question involved in her appeal is the construction of section 7 of appellee's by-laws above set out.

Before going to this question it is proper to say that other pleadings were filed and proceedings had in the case of which we have made no mention and several questions of practice and procedure both in the trial court and in this court are raised by appellee, the determination of some of which, if in its favor, might result in a dismissal of the appeal, but inasmuch as our investigation of said question presented by appellant on the merits of the case leads to a conclusion favorable to appellee, its interests will not be prejudicially affected by our failure to consider such other pleadings, proceedings and questions of practice, and we therefore go direct to a disposition of the question presented by appellant on the merits of the case.

It is well settled that an answer has no office to perform until a good complaint has been placed on file, and that the ruling on a demurrer to an answer to a bad complaint does not present reversible error in this court.

1. *Alexander* v. *Spaulding* (1903), 160 Ind. 176, 180,

66 N. E. 694, and cases cited; *Zenor* v. *Pryor* (1914), 57 Ind. App. 222, 106 N. E. 746.

It will be observed that in each paragraph of appellant's cross-complaint she avers facts showing the cancellation and surrender of the certificates of membership on which

2. she seeks to recover, and alleges that a new certificate of membership was issued to the decedent in lieu of that on which she predicates her right to recover. She avers facts showing that the beneficiaries of such certificates were changed from time to time, until the final certificate in which Clara Grant was mentioned as beneficiary was issued, and that this certificate was the last issued and was outstanding when Charles W. Almy died. It follows from the averments indicated that appellant in her cross-complaint defeats her own right of recovery and shows that such right exists in another, unless it can be said that she has also alleged in her cross-complaint facts sufficient to show that the surrender by the decedent, and the cancellation by appellee, of the certificates on which she bases her right of action and the issuing of the other certificates in which the other beneficiaries were named was without authority and invalid as against her. The averments on this subject on which appellant relies are the provisions of section 7 of appellee's by-laws above set out which provides that, "where the name of the beneficiary is to be changed such applicant shall furnish proof in writing that he has notified the beneficiary named in the certificate held by him and desired to be changed or show good cause why such notice could not be served," and the averments which negative a compliance with such provisions of the by-laws.

This brings us to a consideration of the question which appellant concedes to be the sole question involved in the appeal. It is conceded by appellant that the author-

3. ities hold that a beneficiary in a certificate issued by a mutual benefit association, such as appellee, ordi-

narily has no indefeasible or vested interest in the certificate or policy. *Masonic, etc., Soc.* v. *Burkhart* (1887), 110 Ind. 189, 190, 191, 10 N. E. 79, 11 N. E. 449, and authorities cited; *Bunyan* v. *Reed* (1904), 34 Ind. App. 295, 300, 301, 70 N. E. 102, and authorities cited; *Milner* v. *Bowman* (1889), 119 Ind. 448, 452, 21 N. E. 1094, 5 L. R. A. 95; *Modern Brotherhood* v. *Matkovitch* (1914), 56 Ind. App. 8, 104 N. E. 795. She insists, however, that this is true only because in such associations the power of changing the beneficiary is ordinarily reserved to the member insured either by some by-law of the association or by statute. In this connection it is further insisted that while §5042 Burns 1908, *supra,* expressly provides that certificates of membership of the kind here involved shall be regarded as a contract between the person whose life is insured by such certificate and the association issuing the certificate, and that it shall be lawful for such association to change the name of such beneficiary, that such change can only be made *"on such terms and conditions as the parties to the contract agree to"*; that appellee's by-laws are a part of the contract between it and the decedent, and that the provision above referred to required a notice to the beneficiary in the certificate sought to be changed. It is doubtless true, as appellant contends, that the reason why the courts have held that a beneficiary of a certificate in a mutual benefit association of the kind here involved has no vested interest therein is because the power of changing such beneficiary is ordinarily reserved to the member insured either by some by-law of the association or by statute, and it is doubtless true also, that the absence of such reserved power in the ordinary life insurance policy furnishes the reason for the contrary holdings as to such policies. In other words, such question is controlled by the contract between the parties. It 4. is also true as appellant contends that the by-laws of an association of the kind here involved are to be treated as a part of the contract between it and the assured.

*Masonic, etc., Soc.* v. *Burkhart, supra; Holland* v. *Taylor* (1887), 111 Ind. 121, 12 N. E. 116; *Mason* v. *Mason* (1903), 160 Ind. 191, 196, 65 N. E. 585; *Bunyan* v. *Reed, supra; Farra* v. *Braman* (1909), 171 Ind. 529, 540, 541, 86 N. E. 843. The admission of the correctness of appellant's contention in said respects, however, does not avail her anything in this case. In the instant case both the by-laws of appellee association and the statute, *supra,* expressly reserved to appellee and the assured the right to change the beneficiary in either or any of the certificates issued by appellee. True, there is in the by-laws the provision above indicated, but it has been expressly held that such provisions are for the protection of the association, and that the association may in the lifetime of its member waive such provision and estop itself from insisting thereon, and where the association has waived compliance with such regulation and estopped itself from asserting or insisting on compliance therewith no one who is merely a volunteer beneficiary may raise such objection. 29 Cyc. 133, 135-137, and cases cited; *Modern Brotherhood* v. *Matkovitch, supra.* The authorities all seem to hold that where there has been a change consummated and acted on by the society in a member's lifetime, the original beneficiary, if a volunteer only, has no standing to attack the change because it was not made in compliance with the regulations of the society. 29 Cyc. 135, and cases cited in note 74. Of course, if the original beneficiary had acquired any contractual equity in the cancelled certificate, the cancellation of such certificate without notice to such beneficiary would not bind him, and it was, doubtless, for the purpose of. protecting itself against such cases that appellee put into its by-laws the provision for notice to such beneficiary, so that he might appear and resist the change before it was made, and that appellee might be protected thereby against any contractual equity of such beneficiary. If, however, the association is willing to waive such provision and take

its chances, it may do so; but it takes no chance as against a volunteer beneficiary. If the beneficiary has no equitable ground on which he could have resisted and prevented the change of beneficiary in the first instance, he has not been harmed by the company's waiver of its right to know before making the change whether he had such grounds.

Appellant in her cross-complaint sets up no contractual equity or claim of any kind to benefits under the certificates on which she sues, but on the contrary, shows that she is a volunteer beneficiary only, and that the certificates on which she sues were cancelled and surrendered in the lifetime of the assured. For this reason the cross-complaint fails to state a cause of action against appellee and hence the ruling on the demurrer to the answers thereto does not present reversible error. Judgment affirmed.

NOTE.—Reported in 106 N. E. 893. As to features of law specially applicable to mutual or membership life or accident insurance, see 52 Am. St. 543. As to the effect of changing designation in benefit certificate otherwise than in prescribed method, see 15 L. R. A. 350. As to the validity of amendments to by-laws of fraternal benefit societies as applied to existing members, see Ann. Cas. 1913 C 675; Ann. Cas. 1914 D 63. As to the binding effect on a member of a benefit society of a by-law inconsistent with his contract of membership, see 20 Ann. Cas. 929. See, also, under (1) 31 Cyc. 358; (2) 29 Cyc. 223; (3) 29 Cyc. 125; (4) 29 Cyc. 68.