## STEWART v. STEWART ET AL.

[No. 13,821. Filed January 16, 1930.]

*Frank Ely* and *David D. Corn*, for appellant.
*John K. Chappell* and *William D. Curll*, for appellees.

NICHOLS, J.—Action by appellee Alice A. Stewart against appellant and appellee assurance society on a

life insurance policy issued by such society to one Walter Stewart, who was the husband of appellant and the son of appellee Stewart. When the policy was first issued, appellant Zona was named therein as beneficiary. Later, the insured tried to have his mother, appellee Stewart, substituted as beneficiary in place of appellant, a short time before the death of the insured.

Appellee insurance company filed its interpleader, alleging no interest in the controversy between appellant and appellee Stewart, and asked to be authorized to pay over to the clerk the proceeds of the policy for the benefit of the party later adjudged to be the owner thereof; and, by consent of the other parties, this order was made, and the insurance company did pay to the clerk such funds and was released from all further liability.

The court found for appellee Stewart, and the judgment was that she was the real beneficiary of said insurance policy, and the owner of the proceeds thereof.

The error relied upon for a reversal is the overruling of appellant's motion for a new trial, under which appellant presents that the decision of the court is not sustained by sufficient evidence and is contrary to law.

It appears by the agreed statement of facts that, on December 1, 1921, the Equitable Life Assurance Company issued its policy of insurance to Walter B. Stewart, which policy, so far as here involved, provided that "the Insured may from time to time during its continuance, change the beneficiary or beneficiaries by written request, upon the Society's blank, filed at its Home Office, but such change shall take effect only upon the endorsement of the same hereon by the Society." The application provides "for the benefit of Zona Stewart, wife . . . if living at my death, otherwise as stated in policy, with the right to change the beneficiary or assign the policy reserved to me."

Appellant is the surviving wife of Walter B. Stewart

and the original beneficiary named in the said policy. Appellee Alice A. Stewart is his surviving mother and the new beneficiary named in the policy. The assurance society filed an interpleader and paid the amount of the policy, less a valid and subsisting loan against the policy, a sum of $1,707.04, to the clerk, and said sum is now in the possession of the clerk. Said policy at the time of the death of the insured was in full force and effect. The insured died on March 31, 1928, at 8:30 o'clock a. m.

On March 30, 1928, his request for change of beneficiary was made, as follows: "I hereby certify that there is no existing assignment of my policy No. 2864885, and I now elect to designate a new beneficiary, and request the said society to make such designation effective by endorsement upon the said policy." The name of the proposed beneficiary is then given as Alice A. Stewart, his mother.

The request for change of beneficiary was mailed at Indianapolis, Indiana, on March 30, 1928, to the assurance society. Thereafter, on April 2, 1928, at 10:24 a. m., said request arrived at the home office of the society in New York City, and, on April 3, 1928, the society indorsed upon the original policy of insurance the following, to wit: "Change of Beneficiary Registered. Note:—Entries in this register are to be made only by the society at its home office in New York. No other entries will be recognized. Date Indorsed, April 3, 1928. Beneficiary, Alice A. Stewart, mother."

The insured executed the request for the change of beneficiary and placed the same in the mails without the knowledge or consent of appellant. Said request for change of beneficiary was received by the society and the indorsement on the policy was made by the society without the knowledge or consent of appellant.

A statute of the State of New York, in full force and effect on December 1, 1921, provides: "That the

assured shall have the right at·any time with the consent of the corporation, association or society to make a change in his payee or payees, or beneficiary or beneficiaries, without requiring the consent of such payee or beneficiary."

The sole question to be decided is: Was appellee legally substituted as beneficiary in the policy in suit, in the place of appellant, who is admitted to have been the legally named original beneficiary therein?

Appellant earnestly contends that the facts show that she was the legal beneficiary at the time of the death of the insured. It is admitted that the assured reserved in the policy the right to change the beneficiary, but appellant insists that the changing of beneficiary was a matter of contract, and that all parties were bound thereby; that the evidence shows that, prior to the death of the assured, none of the conditions required to change the beneficiary had been complied with: that, up to the time of his death, he had not filed at the home office of the company any written request for a change of beneficiary; that there had not been, up to that time, any indorsement of such change on the policy, nor had the company consented to such change; that the only thing that had been done up to this time was that the assured had made out his application and placed it in the mail, and died while it was still in the mail, and before it was filed in the home office, and before the insurer had any knowledge of such proposed change. She insists that, at the instant of the death of the assured, her rights in said policy became immediately vested and fixed, and that, as the beneficiary thereof, she is entitled to the proceeds thereof. ·

· It clearly appears that the assured reserved the right in his application to change the beneficiary, and that, by the express terms of the policy, he was given that right. Appellant argues that the courts have had some

difficulty in agreeing upon a definition of the rights of a beneficiary, prior to the death of the assured, in policies which reserved to the assured the right to change the beneficiary, but this question does not seem to have troubled the Indiana courts. The last expression that has been called to our attention is found in *Bronson* v. *Northwestern, etc., Ins. Co.* (1921), 75 Ind. App. 39, 129 N. E. 636, in which case it is held that where, by the terms of the policy, the right is reserved by the assured to change the beneficiary at will, as here, then the original beneficiary acquires only a defeasible vested interest in the policy, a mere expectancy, until after the death of the assured. Numerous authorities are there cited which sustain the conclusion reached. We agree with appellant that the changing of the beneficiary was a matter of contract, but the assured in his application, which was made a part of the contract, reserved the right, and the insurer in the policy granted it. Acting under his contract, the assured made his election to change his beneficiary, making appellee as such, using the form furnished by the company for that purpose, and requested the company to make such change on the policy; in other words, the assured did all that was in his power to conform to the terms of the policy for the purpose of making such change, but before all formalities had been consummated, he died. Under such circumstances, it seems to be well settled that, on the principle that equity regards as done that which ought to be done, the courts will give effect to the intention of the insured by holding that the change of beneficiary has been accomplished, where, as here, all that remained to be done were certain formal and ministerial acts on the part of the company, such as the indorsement of the change on the policy, and these acts either were not done at all, or were done after the death of the assured. 37 C. J. 585; *Titsworth* v. *Titsworth* (1889), 40 Kans. 571, 20 Pac.

213; *Hall* v. *Allen* (1897), 75 Miss. 175, 65 Am. St. 602, 22 So. 4; *Luhrs* v. *Luhrs* (1890), 123 N. Y. 367, 125 N. E. 388, 20 Am. St. 754, 9 L. R. A. 534; *National American Assn.* v. *Kirgin* (1887), 28 Mo. App. 80; *Walsh* v. *Trust Co.* (1910), 148 Mo. App. 179, 127 S. W. 645; *Wandell* v. *Mystic Toilers* (1905), 130 Iowa 639, 105 S. W. 448; *Hirschl* v. *Clark* (1890), 81 Iowa 200, 47 N. W. 78, 9 L. R. A. 841.

In *Hall* v. *Allen, supra,* the court says: "It (equity) will perfect his imperfect and incomplete, but partly accomplished, purpose, and act and deal with it as perfected, as between these claimants. . . . And in such case it is well settled that the death of the assured, before completion of the change of beneficiary, makes no difference."

In *Luhrs* v. *Luhrs, supra,* the company received the request for the change of beneficiary two days after the death of the assured, and issued the new certificate two days after his death. The change was made from the wife to a sister of the assured. The assured died while the request was in course of transmission. The court says: "The certificate, when issued, may be thus regarded as relating back, on the ground that it is merely and purely a formal act on the part of the Supreme Lodge, registering and giving written evidence of a transaction, all the material facts of which had occurred during the lifetime of the deceased. No new rights were brought into being by the action of the Supreme Lodge after the death of the member, but that action simply gave the proper written evidence to the beneficiary of the existence of those rights which had, in fact, accrued before the formal issuing of such written evidence."

In *Wandell* v. *Mystic Toilers,* the facts were these: That the request to change the beneficiary was made on June 6, received by the local council June 8, received at

Des Moines, the head office, June 9, the certificate canceled and a new one issued, which was delivered to the secretary June 10; the assured died June 8, after the certificate, in due course of mail, had left the local office, and before it had reached the office of the company in Des Moines; notice of the death of the assured was received at the principal office in Des Moines June 11. Held that the new beneficiary should recover. The court says: "The language of the rules should be liberally construed for the purpose of carrying out their manifest intention, and that, as the language with reference to what the officers of the association shall do when the certificate is surrendered and fee paid is mandatory, the legal rights of the new beneficiary should not be made to depend, . . . on the performance . . . of purely ministerial acts."

In *Hirschl* v. *Clark, supra,* the request for the change of beneficiary was not received by the company until after the death of the assured. The court said: "By the very terms of the contract, the change of the beneficiary is a mere direction to the association, which it is bound to obey. . . . It is not a new contract between the insurer and the insured. If the association receives the notice of the change in the beneficiary before it has been in any way prejudiced, it would seem that it would be bound to obey the direction. These views appear to us to be founded on sound reason."

While we find no cases so directly in point as the foregoing, in Indiana, the following cases indicate the trend of the decisions of our courts to be in harmony therewith. *Heinzman, Gdn.,* v. *Whiteman, Admr.* (1923), 81 Ind. App. 29, 139 N. E. 329; *Almy* v. *Commercial, etc., Assn.* (1914), 59 Ind. App. 249, 106 N. E. 893; *State, ex rel.,* v. *Tomlinson* (1897), 16 Ind. App. 662, 45 N. E. 1116, 59 Am. St. 335; *Isgrigg, Exr.,* v. *Schooley* (1890), 125 Ind. 94, 25 N. E. 151.

There was no error in overruling appellant's motion for a new trial.

Affirmed.