## EQUITABLE LIFE ASSURANCE SOCIETY OF U. S. v JANKOVIC

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 18, 1931

Kennedy, Manchester, Ford, Bennett & Powers, Youngstown, for plaintiff in error.

Friedman & Rummell, Youngstown, for defendant in error.

FARR, J.

The first assignment for error is that the trial court erred in overruling the demurrer of defendant below. A demurrer was filed to the petition, no doubt under §11309 GC which relates to the parties to an action. It is alleged in the petition that the deceased held a policy in the Assurance Society, which was in full force and effect at the time of his death, and that prior to his death he changed the beneficiary from his mother to Jankovic. The name of Catherine Niscovic is not mentioned in the petition, save and except that it is alleged that she was the former beneficiary, but there is no further allegation with reference to her, so that the petition declares positively that Jankovic was the beneficiary under the policy, nothing being said with reference to any interest that Catherine Niscovic had at the time of the death of the decedent, except the explanatory statement to which reference has just been made.

It is held in the case of **Neal vs Trustee, 31 Oh St 15**, in the second proposition of the syllabi, as follows:

"A demurrer to a petition on the ground that there is a defect of parties defendant will lie only where it appears from the face of the petition that necessary parties are wanting."

As before stated, the petition alleges that Jankovic was the beneficiary under the policy at the time of the death of Niscovic; therefore, the demurrer was properly overruled. If for any reason the Insurance Association concluded that Catherine Niscovic was a necessary party to the proceeding, it was their right and privilege to have made her a party.

The next and last assignment for error is that the judgment is contrary to law, because it is claimed that Jankovic was not entitled to be the beneficiary under said policy, due to the fact that the change of beneficiary did not reach the Company until the day after the death of Niscovic. There can be no doubt but what Niscovic did all that he could do to effectuate a change in beneficiary. He signed the form furnished by the Insurance Association, executed it properly, so far as it is disclosed in this case, and delivered it to the officers of the Relief Association of which he was a member, and to whom the group policy had been issued. It was not his fault that the change or designation of beneficiary did not reach the company until the day after his death.

In argument the cases of **McDonald vs McDonald, 102 So., 38**, and **Freund vs Freund, 218 Ill., 189**, were cited to the court, but an examination of these cases discloses that the setting of facts is somewhat different, and that there is a difference to be noted between the insurance policies of fraternal associations and what may be designated as old line companies.

Another case is cited, that of **Douglas vs Life Insurance Company, 11 N. P. (N. S.) 513**. This, however, is different as to its setting of facts, in that the policy provided that such change was subject to the approval of the company, while in the instant case approval was not necessary, no endorsement being required by the Company, and it was held that the change was not effective until the change in beneficiary reached the company. In the case last mentioned, and which is worthy of note in this connection, at page 515 it is said:

"If the insured has done substantially all that is required of him to effect a change of beneficiary, and all that remains to be done are the ministerial acts of the officers of the company, the change will take effect, though the formal details were not completed until after the death of the insured."

Another case of interest in this connection is **Stewart vs Stewart, 169 N. E., 593**, and the case of **Arnold vs Newcomb, 104 Oh St 578**. However, it is to be noted that the

conditions provided by the company as to a change of beneficiary, and in the section before read, provides among other things that:

"But such change shall take effect only upon the receipt of the request for change at the home office of the Society."

There is no dispute but what this change of beneficiary reached the home office and it is not provided by the foregoing that the assured shall be living at the time that it is received by the home office, only that the change of beneficiary is not effective until it reaches the home office. What difference could it make to the Insurance Company as to whom the policy would be paid? The change of beneficiary reached the home office the day after Niscovic's death, but this did not increase the hazard, nor did it increase the liability of the Company in any sense of the word. It just so happened that through probably an oversight of the officers of the Relief Association, the change in beneficiary, or the document which was intended to so operate, was not mailed until perhaps near the day of the death, and it was received a day later than the death.

This question has been settled in the case of **Atkinson v Life Insurance Company, 114 Oh St 109.** The third proposition of the syllabi reads as follows:

"Where the policy contains a provision concerning the change of beneficiary that the same can be made by filing written notice thereof at the home office of the company, accompanied by the policy for suitable indorsement, any notification in writing by the insured, or his agent, designating a different beneficiary, which communication is accompanied by the policy, is sufficient to effect the change, and the new beneficiary therein designated is entitled to receive payment of the proceeds of the policy without further action on the part of the insurance company."

It will be noted in this case that an endorsement on the policy was necessary, and in the instant case no endorsement was necessary, but in the Atkinson case it is held that the beneficiary was entitled to receive the proceeds without any further action upon the part of the company. Chief Justice Marshall observes at page 115 as follows:

"A careful study of the clause of the policy shows that it contains no requirement that the endorsement be made on the policy during the life of the insured. Such a requirement would be wholly inconsistent with the right of the insured to the beneficiary. This right must be held to be guaranteed to the insured at any time up to the moment of his death, and no condition in the policy should be held to be valid which would place it in the power of the company by delays, red tape or technicalities, to defeat that right."

As before stated, it did not require an endorsement on the policy in the case at bar. It was provided by the rules of the Company that it would not be effective until received by the Company. It was received by the Company the day after Niscovic's death. In the interim, during the month that intervened, he made no change nor did he attempt to do so. He died, leaving the beneficiary just as he had determined it on the 9th of May, 1928. Therefore, no rule of the Company, even if one existed, should be recognized to defeat the expressed will of the assured under such circumstances. It follows, therefore, that the judgment in this case is not contrary to law and it is therefore affirmed.

ROBERTS and POLLOCK, JJ, concur.