CITY OF FORT WAYNE *v*. MILLER.

[No. 27,041. Filed November 1, 1938.]

*Walter E. Helmke* and *George H. Leonard,* for appellant.

*David E. Smith* and *R. C. Parrish,* for appellee.

TREMAIN, J.—This was an action by the appellee

against the appellant to recover for wages alleged to be due as an employee and fireman in the municipally owned electric light and power plant.

It is alleged that the city of Fort Wayne is a city of the second class and owned and operated a generating and distributing electric lighting plant; that the appellee was employed as a fireman from the 1st day of May, 1933, to the 1st day of September, 1934, and, during said time, performed 3,890 hours of labor for which he received 60 cents per hour; that prior thereto the common council of the city of Fort Wayne duly adopted an ordinance fixing the salaries and wages of all employees of the city power plant, which was in full force and effect at the time, a copy of which ordinance was filed with and made part of the complaint; that the ordinance provided that firemen should be paid at the rate of 70 cents per hour; firemen helpers at the rate of 65 cents per hour, laborers at a rate from 40 to 60 cents per hour; that, as a fireman, the appellee was entitled to be paid at the rate of 70 cents per hour. He therefore alleged that, pursuant to the terms of said ordinance, he should recover an additional 10 cents per hour for services performed, and demanded judgment for $400.

The appellant filed a demurrer to the complaint for want of facts and, by memorandum attached thereto, alleged that by virtue of a statute in this state, the board of public works was vested with the control of municipally owned utilities, and by reason thereof, possessed the right to fix the compensation to be paid to all employees; that the common council was without power to interfere with the compensation fixed by the board of public works. The demurrer was overruled with exceptions to the appellant. Thereupon, appellant filed an answer in general denial. The cause was submitted to the court for trial, without a jury, and the

court rendered judgment against appellant in favor of the appellee in the sum of $222.18. Upon the overruling of a motion for a new trial, the cause was appealed to this court.

In reviewing the sufficiency of the complaint as against a demurrer for want of facts, the city ordinance, filed as an exhibit, may be,treated as mere surplusage, for the reason that the complaint avers facts sufficient to establish that the relation of master and servant existed between appellant and appellee; that as a fireman appellee was entitled to 70 cents per hour, whereas he was paid only 60 cents per hour; that by reason thereof the city was indebted to plaintiff in the sum of $389.30. As against the demurrer, as filed, the complaint stated a cause of action. Appellee was entitled to the judgment rendered if he established the facts averred in his complaint.

The burden is upon appellant to furnish this court with a record affirmatively showing error. The record furnished discloses that no special answer of any nature was filed; there was no special finding of facts; and appellant has made no attempt to set out in his brief any of its evidence, but contents itself by telling this court what issue was before the trial court. Appellant's brief, page 120, states the facts as follows:

"He (appellee) alleges in his complaint that he was entitled to seventy (70) cents per hour over a period of time while said purported ordinance was in effect as a fireman in said Electric Light Utility instead of sixty (60) cents per hour which he was paid. The appellant contended that he was a laborer and entitled to sixty (60) cents per hour as fixed by the Board of Public Works. The said purported ordinance provided that firemen were to receive seventy (70) cents per hour and fireman's helper sixty-five (65) cents per hour and that laborers were to receive wages at the rate of forty (40) cents to sixty (60) cents per hour. After hearing

the evidence the court concluded that he was performing the duties of a fireman's helper and entitled to sixty-five (65) cents per hour under said purported ordinance for the class of work he performed and rendered judgment accordingly."

From this statement it appears that the controversy before the trial court was whether appellee was a fireman or a laborer, and, therefore, entitled to 40 cents per hour instead of 60 cents per hour. There is nothing presented by appellants' brief to establish that the board of public works had adopted a schedule for the payment of services rendered by firemen or laborers different from that fixed by the common council. What evidence, if any, was introduced in the trial of the cause is unknown to this court. A presumption will be indulged in favor of the correctness of the trial court's judgment. The appellant's statement of the record shows that the controversy concerned the classification of appellee.

Under this state of the record, it becomes wholly unnecessary to consider the statutes discussed by appellant. It would be immaterial for this court to say that either the common council or the board of public works possessed the authority to fix the salary of appellee. What action that may have been taken by the board of public works is not disclosed. The trial court may have concluded that appellee was a laborer; that he did not perform the number of hours alleged in his complaint; that the rate per hour was not as claimed, or some other situation may have been disclosed. It may be that appellant made no attempt to prove that the board of public works had fixed a schedule for the payment of employees. There is nothing in the record before this court to warrant a disturbance of the judgment.

Judgment affirmed.