RENNER *v.* JONES

[No. 17,789. Filed April 18, 1949. Rehearing dismissed May 25, 1949.]

*Christian & Waltz,* of Noblesville; *Fenton, Steers, Beasley & Klee,* of Indianapolis (of counsel), for appellant.

*Garrison & Castor,* of Noblesville, and *Neal & Neal,* of Indianapolis, for appellee.

CRUMPACKER, C. J.—On June 4, 1947, a motor truck, owned and operated by the appellee, overtook and attempted to pass a similar vehicle, owned and operated

by the appellant, on State Road 47 about one mile east of the city of Sheridan, Indiana. In the attempt a collision occurred whereby the appellee's truck was materially damaged. This suit was instituted to recover such damages. It was tried to a jury and resulted in a verdict for the appellee in the sum of $1,000 upon which the court rendered appropriate judgment. This appeal questions the sufficiency of the evidence to sustain such verdict and also complains of alleged misconduct on the part of the appellee's counsel whereby the appellant was prevented from having a fair and impartial trial.

The rights and duties of the parties at the time and place of the accident in controversy were governed by the Motor Vehicle Act of 1939 and amendments thereto. In substance said act provides that every motor vehicle shall be driven on the right half of any roadway which is of sufficient width for the purpose except (1) when overtaking and passing another vehicle proceeding in the same direction; (2) when the right half of the roadway is closed to traffic; (3) upon three-lane roadways; and (4) upon roadways which have been designated for one-way traffic only. § 47-2010, Burns' 1940 Replacement. Except on one-way roadways no motor vehicle shall be driven on the left side of the roadway (1) when approaching the crest of a grade or upon a curve where the driver's view is obstructed within such distance as to create a hazard in the event another vehicle might approach from the opposite direction; (2) when approaching within 100 feet of or transversing any intersection or railroad crossing; and (3) when the view is obstructed upon approaching within 100 feet of any bridge, viaduct or tunnel. § 47-2015, Burns' 1940 Replacement. Where passing on the left is permitted the driver of the overtaking vehicle shall not attempt to pass unless

the left side of the roadway is clearly visible and is free of on-coming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or the overtaken vehicle. § 47-2014, Burns' 1940 Replacement. The driver of the overtaking vehicle shall pass at a safe distance from the overtaken vehicle and shall not return to the right side of the roadway until safely clear thereof. The driver of the overtaken vehicle shall give the right of way to the overtaking vehicle upon audible signal and shall not increase his speed until he has been completely passed. § 47-2012, Burns' 1940 Replacement.

The evidence most favorable to the verdict indicates that State Road 47 is paved with a concrete strip 18 feet wide and divided by a center stripe into two traffic lanes of equal width. At and for a considerable distance each way from the place of the collision, said pavement is straight and level. One June 4, 1947, the respective vehicles of the parties were each being driven west along said highway in the north or right hand lane thereof. The appellant's truck was being driven at a speed of about 30 miles per hour while that of the appellee was traveling approximately two miles per hour faster. As the appellee approached the appellant's truck from the rear the roadway to the west was clearly visible for a considerable distance ahead and, as there was no on-coming traffic, he decided to pass the appellant. He sounded "one loud and one short blast" of his horn, which was in good working order, and swung his truck into the south lane. When the front end thereof reached a point about two feet past the rear wheels of the appellant's truck the driver thereof, suddenly and without warning, turned

the same to the left, across the center line of the pavement and into the appellee's truck whereby it was forced off the pavement to the south and into a utility pole to its damage in the sum of $1,000.

It is undisputed that the roadway in question is neither a three-lane nor a one-way highway; that it was of sufficient width to permit of driving wholly on the right half thereof, which half was not closed to traffic at the time, and that there was no highway intersection within 100 feet of the place of the accident. It is admitted by the appellant, under Proposition I, Point 8 of his brief, that "the view ahead was not obstructed; there was no grade or curve in the highway; they were not approaching any railroad grade crossing, bridge, viaduct or tunnel." On facts of this posture it was the clear duty of the appellant to keep his vehicle on the right side of the center line of the roadway as he proceeded along his way. This he failed to do without apparent cause. It is also clear that the appellee, having overtaken the appellant, had the right to use the left half of the roadway in passing him. This he was attempting to do when the appellant, suddenly and without warning, drove his truck onto the left half of the roadway and into the appellee's vehicle. Such facts are ample to sustain a finding of negligence on the part of the appellant which proximately caused the accident.

This being an action for damages to property the burden rested on the appellee to prove freedom from contributory negligence. The evidence most favorable to the verdict in that respect indicates that when the appellee attempted to pass, the appellant was driving wholly on the right half of the highway. He had a clear vision ahead; there

was no on-coming traffic; there was nine feet of un-obstructed pavement to the left of the appellant; he sounded his horn and then attempted to go by. He was traveling at approximately 32 miles per hour at the time. Such facts justify the jury's finding that the appellee was free from contributory negligence.

During the course of the trial one T. S. McClean was called as a witness by the appellee and testified, in response to a series of questions to which the appellant made no objection, that he was em-ployed by the State Automobile Insurance Asso-ciation; that he was acquainted with the appellant and made a partial investigation of the accident in controversy. The witness was then asked at whose request he made such investigation. To this question the appellant objected and moved that the submission of the case to the jury be withdrawn "on account of the former statement to the effect that the State Auto-mobile Insurance Company was involved in this case." The court sustained the objection to the question but refused to withdraw the submission. It is this incident that the appellant characterizes as misconduct of coun-sel and the court's refusal to withdraw the submission, he contends, was error. We cannot agree. The court sustained the objection to the question which precipi-tated the appellant's motion to withdraw the submis-sion. It is therefore apparent that, by such motion, he merely complained of a question that had previously been asked without objection on his part and an answer thereto which he made no effort, at any time, to have stricken out and the jury properly admonished. The situation reveals nothing more than the intro-duction of questionable evidence which came into the record without objection. In the absence of obvious bad faith or corrupt purpose, we know of no law which

charges counsel, who initiated its introduction, with misconduct in so doing.

Judgment affirmed.

NOTE.—Reported in 85 N. E. 2d 266.