## FLETCHER v. WYPISKI ET AL.

[No. 18,018. Filed November 14, 1950.]

*George Hitesman* and *Harry Long*, both of Gary, for appellant.

*Frank A. Spychalski* and *Kenneth Call*, both of Gary; and *Bomberger, Morthland & Royce*, of Hammond, for appellees.

MARTIN, J.—Action by appellees Zygmunt and Wicenty Wypiski against John Hancock Mutual Life Insurance Company, Elgin, Joliet and Eastern Railway Company and Mary Kotas Fletcher to recover on a certificate of insurance under a policy of group life insurance issued by the said John Hancock Mutual

Life Insurance Company on the life of one Joseph Molendo.

The John Hancock Mutual Life Insurance Company as a defendant filed its answer of interpleader admitting that it had issued the certificate of insurance covering the life of said Joseph Molendo on October 18, 1938 under said group policy, and afterwards under date of August 2, 1948 issued another certificate which it alleges superseded the first certificate; that the John Hancock Mutual Life Insurance Co. admitted the death of said Joseph Molendo on September 4, 1948 as alleged in appellees' action and sets out that it had received claims from both the appellant Mary Kostas Fletcher and the appellees, Zygmunt Wypiski and Wicenty Wypiski; that by reason of the conflicting claims it does not know to whom it owes the proceeds of the policy in the sum of $2,500.00; that it be allowed attorneys fees and that upon the payment of the $2,500.00 to the Clerk of the Court it be discharged from all liability.

This order was made and the insurance company did pay to the Clerk such funds.

Appellant filed answer and cross-complaint. The court found for appellees Zygmunt Wypiski and Wicenty Wypiski and the judgment was that they were the real beneficiaries of said insurance certificate and the owners of the proceeds thereof and taxed attorney fees for the appellee John Hancock Mutual Life Insurance Company in the sum of $150.00 as costs in the action.

The error relied upon for reversal is the overruling of appellant's motion for a new trial, under which appellant presents that the decision of the court is not sustained by sufficient evidence and is contrary to law, and a separate assignment of error that the court erred in taxing in favor of the appellee John Hancock

Mutual Life Insurance Company the sum of $150.00 as costs on the interpleader filed by said appellee.

The material facts in the case at bar are undisputed. The evidence shows that a group life insurance policy was issued by John Hancock Mutual Life Insurance Company to insure employees of Elgin, Joliet, and Eastern Railway Company bearing date of May 16, 1935; that under said group policy a certificate was issued to the deceased, Joseph Molendo, under date of July 27, 1944 naming Mary Kotas, a friend as beneficiary; that said certificate was delivered by the deceased to the said Mary Kotas Fletcher and that the evidence shows that the insured reserved the right to change the beneficiary in said certificate.

It is admitted by the pleading that the deceased, Joseph Molendo, signed an application for a change of beneficiary from Mary Kotas to the appellees, Zygmunt Wypiski, a friend, and Wicenty Wypiski, a friend.

Thereafter the John Hancock Life Insurance Company issued a certificate under date of August 2, 1948 insuring the deceased, Joseph Molendo, and naming the appellees Zygmunt Wypiski and Wicenty Wypiski beneficiaries.

Said latter certificate was issued during the lifetime of the deceased, Joseph Molendo, without the original certificate issued July 27, 1944 being surrendered.

It is further shown by the evidence that after Mary Kotas was named beneficiary in the original certificate she married and her name is Mary Kotas Fletcher.

The group policy was amended, as shown by the record, and was signed by the insurance company, the party to be bound. The original policy provided:

"The employee may from time to time change the beneficiary by filing written notice thereof at

the Home Office of the company accompanied by his certificate. Such change shall take effect upon endorsement by the company on the certificate, and not otherwise."

The amendment to the contract dated July 17, 1935 provided:

"The employee may from time to time change the beneficiary by filing written notice thereof with the Employer accompanied by his certificate. Such change shall take effect upon the completion of a new certificate by the employer indicating the new beneficiary."

Appellant contends that the so-called amendment was signed by the insurance company but was never signed by the Elgin, Joliet, and Eastern Railway Company. It makes little difference whether we use the provisions in the original contract or the provisions in the amendment as to change of beneficiary; the law applicable is the same. It is contended by the appellant that the decedent did not comply with the change of beneficiary provisions by surrendering the original certificate held by the appellant.

The beneficiary named in an insurance policy, in which policy the insured reserves the right to change the beneficiary, acquires only a defeasible vested interest in the policy by a mere expectancy until after the death of the insured. *Bronson* v. *Northwestern Mutual Life Insurance Co.* (1921), 75 Ind. App. 39, 129 N. E. 636; *Stewart* v. *Stewart* (1930), 90 Ind. App. 620, 169 N. E. 593.

In the case at bar the evidence conclusively established that the certificate naming the appellant as the beneficiary and which was issued long before the certificate naming the appellees, Zygmunt Wypiski and Wicenty Wypiski as beneficiaries, was in possession of

appellant from the time of its issuance up until the time of the death of the decedent and there is no evidence that the decedent, or anyone on his behalf, ever made any demand upon the appellant for said certificate so that a change of beneficiary could be made as required by the terms of the master policy; that is, so that said certificate could be sent or delivered to the employer railway company or delivered to the insurance company.

The question is whether a change of beneficiary could be made without the surrender of the original certificate to the company. It is the contention of appellant also that this requirement was for her benefit and that the company could not waive it.

In the case of *Heinzman, Gdn.* v. *Whiteman, Admr.* (1923), 81 Ind. App. 29, 139 N. E. 329 the court said:

> "Where the mode is prescribed, it must be followed, as a general rule, in order to render such change effective. This is true whether the right involved exists by reason of a reservation in the insurance contract, or by reason of the absence of a vested interest in the beneficiary, as is the case in mutual benefit certificates. *Mutual Life Ins. Co.* v. *Guller, Gd.* (1918), 68 Ind. App. 544, 119 N. E. 173, and cases cited; *Modern Brotherhood* v. *Matkovitch* (1914), 56 Ind. App. 8, 104 N. E. 795; *Masonic, etc., Society* v. *Burkhart, supra; Neary* v. *Metropolitan Life Ins. Co.* (1918), 92 Conn. 488, 103 Atl. 661, L.R.A. 1918F 306. The following, however, are often cited as exceptions to the general rule stated above: 1. If the society has waived a strict compliance with its own rules, and in pursuance of a request of the insured to change the beneficiary, has issued a new certificate to him, the original beneficiary will not be heard to complain that the course indicated by the regulations was not pursued."

The controlling principles to be applied in a situation of this kind have been declared by the Supreme Court

of the United States in the case of the *Supreme Council of the Royal Arcanum* v. *Behrend* (1918), 247 U. S. 394, 38 S. Ct. 522, 62 L. Ed. 1182.

It is there determined that the naming of a certain person as a beneficiary in the benefit certificate of a fraternal benefit association, confers no vested right, but a mere expectancy which may be defeated at any time by the act of the insured employer; that where the certificate promises payments to the beneficiary, provided the certificate has not been surrendered and another certificate issued at the request of the insured, in accordance with the laws of the order, the requirement for a return of the policy is for the protection of the society, and if complied with to its satisfaction, or waived by it during the lifetime of the insured, it cannot be used to support the claim of the former beneficiary.

In the case of *Royal Union Mutual Life Insurance Co.* v. *Lloyd* (1918), 254 Fed. 407 the court said:

> "But the right to change a beneficiary, if reserved in the policy, is equally available to the insured under an ordinary policy of life insurance as it is in case of a certificate issued by a fraternal benefit association. *Mutual Benefit Life Ins. Co.* v. *Swett*, 222 Fed. 200, 137 C. C. A. 640, Ann. Cas. 1917B, 298; *Hopkins* v. *Northwestern Life Assur. Co.*, 99 Fed. 199, 40 C. C. A. 1; *Townsend* v. *Fidelity & Casualty Co.*, 163 Iowa, 713, 144 N. W. 574, L. R. A. 1915A, 109; May on Ins. § 398m; Joyce on Ins. §§ 740, 741.

> "The provision for a return to the company of the original policy, so that an indorsement of change of beneficiary may be made thereon, is one for the protection of the company, and not for the protection of the original beneficiary, and whether the policy is an ordinary life policy, or the certificate of a fraternal beneficiary association, if a new policy has been issued in the lifetime of the insured, at his request the original beneficiary will not be heard to complain that the

original policy was not returned. *Mutual Benefit Life Insurance Co.* v. *Swett, supra; Lamb* v. *Mutual Reserve Fund Life Ass'n.* (C.C.) 106 Fed. 637; *Mutual Life Ins. Co.* v. *Lowther,* 22 Colo. App. 622, 126 Pac. 882; *John Hancock Mut. Life Ins. Co.* v. *Bedford,* 36 R. I. 116, 89 Atl. 154; *Navassa Guano Co.* v. *Cockfield* (D.C.) 244 Fed. 222; *Simcoke* v. *Grand Lodge A.O.U.W.,* 84 Iowa, 383, 51 N. W. 8, 15 L.R.A. 114; *Wandell* v. *Mystick Toilers,* 130 Iowa, 639, 105 N. W. 448; *Allgemeiner Arbeiter Bund* v. *Adamson,* 132 Mich. 86, 92 N. W. 786; *Marsh* v. *Supreme Council American Legion of Honor,* 149 Mass. 512, 21 N. E. 1070, 4 L.R.A. 382."

Since the insured reserved the right to change the beneficiary under the provisions of the insurance certificate in the case at bar, we hold that by issuing the latter certificate to the insured, during his lifetime, naming the appellees, Zygmunt Wypiski and Wicenty Wypiski as beneficiaries, the insurance company waived the provision in the group policy requiring the insured employee to surrender an outstanding certificate.

The appellant will not be heard to complain that the course indicated by the provisions of the group policy was not pursued.

The second specification of the assignment of errors reads as follows:

"The court erred in taxing in favor of the appellee, John Hancock Mutual Life Insurance Company of Boston, Massachusetts, the sum of One hundred fifty and no/100 ($150.00) dollars as costs on the interpleader filed by said appellee."

This assignment seeks to raise a question of the taxation of costs for the first time in this court. The question of taxation of costs is properly raised by motion to retax presented to the trial court. If the motion is overruled, then, to present the

question of taxation on appeal, it should be assigned that the court erred in overruling the motion to retax the cost. *Johnson* v. *Citizens State Bank* (1914), 57 Ind. App. 348, 107 N. E. 35; *Mackey* v. *State* (1942), 220 Ind. 607, 45 N. E. 2d 205.

Judgment affirmed.

NOTE.—Reported in 94 N. E. 2d 916.