## NAGEL *v.* NAGEL

[No. 19,169.   Filed March 28, 1960.]

*Solly K. Frankenstein* and *Ora Kuhlman,* both of Fort Wayne, for appellant.

*Louis H. Dunten, James P. Murphy* and *F. A. Beckman,* all of Fort Wayne, for appellee.

BIERLY, P. J.—Appellee, Helen H. Nagel, instituted this action against George W. Nagel, appellant, for an absolute divorce; also, for an adjustment of property rights and for alimony. Appellee based her right to a divorce upon the statutory grounds of cruel and inhuman treatment, and upon the further grounds of infidelity and failure to provide. By way of answer, appellant filed a cross-complaint based upon the statutory grounds of cruel and inhuman treatment, praying for a divorce from appellee and an adjustment of property rights as between the parties.

The issues were joined on appellee's amended complaint, the answer thereto by appellant by way of a

general denial and of condonation, and on the cross-complaint by appellant, thence, with appellee's answer thereto.

Trial was had before the court, and, at the request of appellant, the court entered special finding of facts with conclusions of law stated thereon, to the effect, that (1) appellee is entitled to and should have judgment for an absolute divorce, and restoration of her former name; (2) that appellee is the owner of all the personal property in her possession; (3) that the Lincoln National Bank and Trust Company is the owner of all the real and personal property in its possession as trustee; (4) that appellee is the owner of certain personal property and real estate in Buncombe County, North Carolina; (5) that the appellant be ordered to execute a deed for such real estate, and, that a commissioner be appointed to execute said deed if appellant failed to do so within thirty (30) days; and (6) that appellee is entitled to judgment against appellant on his cross-complaint and for the costs of the appointment of a commissioner.

Consistent judgment was rendered and entered by the court upon the conclusions of law.

Appellant filed a motion for a new trial containing fifteen separate and distinct specifications. Said motion was overruled and this appeal followed.

Appellant's assignment of errors, omitting formal parts is as follows:

The appellant, George W. Nagel, alleges that there is manifest error in the judgment and proceedings in this cause, which is prejudicial to appellant, in this:

1. The court erred in overruling appellant's motion for a new trial.

2. The court erred in its conclusions of law.

3. The court erred in each of its conclusions of law.

Specifications 1, 2, 3, 4, 5, 6, 8, and 9 set forth in appellant's motion for a new trial were not discussed by appellant in his argument contained in his brief, and, in harmony with the well known rule, errors assigned but not discussed in the brief are abandoned and waived. Supreme Court Rule 2-17 (f), which is applicable and binding on this court provides:

> "Errors assigned and causes for a new trial not treated as herein directed shall be deemed to be waived."

Appellant, in Specifications 7, 10, 11, 12, 13, 14, and 15 of his motion for a new trial challenges the admission by the trial court of certain testimony and exhibits into evidence. Appellant bases his appeal therefrom on the evidence presented in the case. Appellee counters that, since appellant bases his "alleged errors on matters appearing in the evidence," he must bring *all the evidence* to this court, and not only a part of it should he desire consideration of his claimed errors.

It appears by the record, that nineteen witnesses testified at said trial and twelve depositions were submitted to the court and admitted in evidence, but only the testimony of one witness, Edwin Hadley, and a portion of the testimony of another, Helen H. Nagel, appellee, constituted appellant's Bill of Exceptions containing the evidence. Appellant seeks a reversal of the judgment of the trial court without our court having available the testimony of the other witnesses.

It is provided by Rule 2-17 of the Supreme and Appellate Courts that appellant's brief "shall contain a condensed recital of so much of the evidence in narrative form . . . as is necessary to present accurately and concisely a full understanding of

the questions presented." Appellee has not seen fit to supply the omission found in appellant's brief, and this court will not search the record to determine the insufficiency of the evidence in order to reverse a cause. *Getto* v. *Getto* (1947), 117 Ind. App. 623, 626, 73 N. E. 2d 350. And while Rule 2-18, as amended, requires the appellee to supply defects, when the appellant has failed to set forth material testimony necessary for the consideration of questions raised on appeal, the failure of appellee to supply such omitted testimony does not relieve the appellant from the burden of presenting the proper record to enable the court to pass upon the merits of various questions presented. *Evansville City Coach Lines* v. *Roger* (1951), 122 Ind. App. 119, 130, 99 N. E. 2d 435, rehearing denied, 102 N. E. 2d 504. The appellant's said specifications of error in the admission into evidence of certain exhibits and oral testimony, being said Specifications numbered 7, 10, 11, 12, 13, 14, and 15 cannot be considered on this appeal since any asserted error with respect thereto would require a consideration of the other evidence given at the trial which appellant has omitted from the Bill of Exceptions and from his brief. Other evidence given at the trial may have rendered proper the admission of such evidence or may have obviated any error in respect thereto. When all the relevant evidence is not before the reviewing court, it is presumed that the trial court ruled properly on questions of admission or exclusion of evidence. *Clark* v. *Benefiel* (1862), 18 Ind. 405; *Lowe* v. *Talbert* (1931), 93 Ind. App. 384, 391, 176 N. E. 36; 2 I. L. E., Appeals, §520, p. 425, note 29. We may observe further that said specifications of error are not properly set out in the motion for a new trial.

Appellant contends in his assignment of errors that the trial court erred in its conclusions of law and in

each conclusion of law. In excepting to conclusions of law, appellant admits the facts which are properly within the issues as having been fully and clearly found. The Supreme Court has well said:

> "An exception to a conclusion of law admits for the purpose for exception *only* that the facts which are properly within the issues have been fully and clearly found."

*Kerfoot* v. *Kessener* (1948), 227 Ind. 58, 73, 84 N. E. 2d 190; *Byrum* v. *Wise, Receiver* (1939), 216 Ind. 678, 25 N. E. 2d 992.

In the case of *Byrum* v. *Wise, Receiver, supra,* the court said: "This cause is presented for consideration solely upon the exceptions of the appellant to the conclusions of law. The effect of excepting to the conclusions of law is to *approve* the special finding of the court. . . . Therefore, the law question to be determined is based upon the *facts as found."* (Our emphasis.)

In a divorce action all property rights connected with the marriage are to be settled. *Behrley* v. *Behrley et al.* (1883), 93 Ind. 255; *Radabaugh* v. *Radabaugh* (1941), 109 Ind. App. 350, 35 N. E. 2d 114. The court not only has the power to so act, but the exercise of that power is mandatory. Burns' 1946 Replacement, §3-1217; *Smith* v. *Smith et al.* (1953), 124 Ind. App. 343, 115 N. E. 2d 217. The court has broad discretion in deciding the property rights of the litigants in a divorce proceeding and an abuse of a judicial or sound discretion must be shown before there can be a reversal. *Seward* v. *Seward* (1956), 126 Ind. App. 607, 134 N. E. 2d 560; *Wallace* v. *Wallace* (1952), 123 Ind. App. 454, 110 N. E. 2d 514; *McHie* v. *McHie* (1938), 106 Ind. App. 152, 16 N. E. 2d 987.

The finding of the court, numbered XXXI is as follows:

"That during the month of August, 1948, the plaintiff and the defendant took title to the following described real estate in the State of North Carolina as George W. Nagel, Jr., and Helen H. Nagel, husband and wife, to-wit:

The following parcel of tract of land, situated, lying and being in Fairview Township, Buncombe County, North Carolina, and bounded and more particularly described as follows:

Beginning at an old Spanish Oaks stump and corner near a swamp, and running with the old line East 17 poles to a stone and pointers in said old line; thence North 3 degrees east about 350 poles to a stone and pointers on top of Swannanoa Mountain and in the old line; thence with the old line and the top of the mountain about 46 poles to a stone pile and pointers on top of the mountain and in the old line, the Northeast corner of Lot Number 8 of the subdivision of the Earwood lands; thence with the line of said Lot Number 8, South 3 degrees West 364 poles to a stone corner of Lot Number 8 in the old line; thence with the said old line, south 55 degrees east 30 poles to a Hickory, old corner; thence with the old line North 50 poles to the beginning, containing 100 acres, more or less, and being Lot Number 9 of the subdivision of the Earwood lands."

and the finding of the court numbered LXXV is stated to-wit:

"That plaintiff is the owner of the real estate in Buncombe County, North Carolina, described in special finding Number XXXI."

The conclusions of law supporting findings numbered XXXI and LXXV is "that the plaintiff, Helen H. Nagel, is the owner of the real estate in Buncombe County, North Carolina, described as follows, to-wit: (the court used the same description of the real estate as in its findings XXXI), and that the defendant, George W. Nagel, Jr. should be ordered to

execute a deed for said real estate to the plaintiff under her former name of Helen H. Rolf and said defendant be ordered to deliver said deed to plaintiff's attorney, and that upon his failure to do so within thirty (30) days from the date of judgment herein that _____ be appointed commissioner to execute said such deed and deliver the same to the plaintiff." Appropriate judgment was entered upon the conclusions of law with the name of Louis Dunten inserted as commissioner to execute such deed and deliver the same to the plaintiff. Appellee paid all the consideration for both the real estate and the personal property in the case at bar. As in *Smith* v. *Smith, et al., supra,* the trial court in the present case found against the appellant on his cross-complaint, thus precluding him from any recovery in regard to the property involved. The court had the power to give to the appellee any property which might even have been settled on by the parties at some time prior to the divorce suit in favor of the appellant. *Smith* v. *Smith et al., supra; Stinson* v. *Stinson* (1947), 117 Ind. App. 661, 74 N. E. 2d 745; *Wallace* v. *Wallace, supra.* Something more than is proposed here by the appellant is necessary to show that the trial court in making its conclusions had gone beyond its discretionary powers.

The facts found definitely show that several of the grounds for divorce under Burns' 1946 Replacement §3-1201, are present and no argument is made to the contrary. The appellant merely states that the conclusions are not substantiated by the finding of facts. The facts as found, clearly show that Helen H. Nagel's former name was Helen H. Rolf; the conclusion of law states that she is entitled to have that name restored. The facts as found, leave no room for doubt that appellant was guilty of adultery, cruel and inhuman treat-

ment, and failure to provide. Thus it appears that appellant's argument is without merit.

We have carefully considered each of the errors attempted to be urged by appellant and find no substantial error.

The appellee's motion to dismiss, filed August 12, 1958, in this cause is hereby denied.

We find no cause for reversal upon appellant's assignment of errors and the judgment of the trial court is hereby affirmed.

Judgment affirmed.

Kelley, Gonas and Smith, JJ., concur.

NOTE.—Reported in 165 N. E. 2d 628.