STOVER, ETC. *v.* STOVER, ADMINISTRATRIX, ETC. ET AL.

[No. 19,968. Filed February 12, 1965. Rehearing denied March 16, 1965. Transfer denied June 23, 1965. Rehearing on Petition to Transfer denied September 30, 1965.]

*Rochford & Blackwell, Paul E. Blackwell, Sidney A. Horn, Frank W. Morton* and *Frank E. Spencer,* of Indianapolis, for appellant.

*Haggerty, Haggerty & Kias, Edwin H. Hughes III, Judson F. Haggerty* and *Michael J. Kias,* of Indianapolis, for appellees.

MOTE, J.—This is an appeal from a decision and judgment of the Probate Court of Marion County, Indiana, in favor of the plaintiff, appellee, Georgia E. Stover, Administratrix of the estate of Barney Stover, deceased, in a cause of action commenced by said appellee to recover the proceeds of an insurance policy issued on the life of said Barney Stover, deceased, by Northeastern Life Insurance Company of New York, the original defendant, and successor of Union Casualty Life Insurance Company, the original issuer of said insurance coverage.

Northeastern Life Insurance Company having failed to appear, a default judgment was entered against it. However, on May 12, 1961, the said original defendant entered a complaint to set aside the default judgment which alleged, among other things, that it was obligated on said policy for the sum of Five Thousand, Two Hundred and Fifty ($5,250.00) Dollars and that, according to its records, one Pauline B. Stover (also known as Bessie Pauline Watson) was shown to be the designated beneficiary at the time of the death of the decedent. The evidence further shows that despite numerous and repeated requests by the plaintiff, Northeastern Life Insurance Company of New York, upon defendant's counsel, said Bessie Pauline Watson was never made a party to this litigation for the purpose of determining what, if any, right, title and interest said Bessie Pauline Watson

might have in, or arising out of, said policy of insurance.

Subsequently, the issues were formed by filing an answer and the facts alleged in the complaint and affidavit filed were submitted to the court and considered as true, and the default judgment theretofore rendered against the plaintiff was vacated and set aside. Then Northeastern Life Insurance Company of New York filed a certain motion for interpleader which, eliminating the formal parts, is in the following words and figures:

"Comes now the defendant, Northeastern Life Insurance Company of New York by Barney & Hughes, its counsel, and by way of interpleader admits that it is indebted under the policy of insurance upon the life of Barney Stover, deceased, in the amount of Five Thousand Two Hundred Fifty ($5,250.00) Dollars, as alleged in plaintiff's complaint, but alleges:

"1. That one Pauline Stover, also known as Bessie Pauline Watson, is designated by an enrollment card, filed by this defendant, as beneficiary under said insurance policy.

"2. That said Pauline Stover, also known as Bessie Pauline Watson has wholly failed and refused to sign a release of any right, title, and interest she may have in and to the proceeds of said insurance policy, although requested so to do by this defendant.

"3. That there is no collusion between this defendant and the said Pauline Stover, also known as Bessie Pauline Watson, relative to her claim to the proceeds of said insurance policy.

"4. That defendant is ignorant of the rights of said parties, and has no interest in the controversy.

"5. That defendant now offers to pay said sum of money into Court for the use of the party who may be found to be entitled thereto.

WHEREFORE, defendant prays that it be allowed to pay said sum into Court; that the said

Pauline Stover, also known as Bessie Pauline Watson, be substituted as a party herein in this defendant's stead, and that this defendant be discharged from further liability herein."

On the day of filing the motion for interpleader the trial court entered an order as follows:

"This cause coming on to be heard on the motion of defendant for an order of interpleader, IT IS HEREBY ORDERED that defendant pay to the Clerk of this Court the amount claimed in this action, in the sum of Five Thousand Two Hundred Fifty ($5,250.00) Dollars, within five (5) days from the entry of this order, and that the Sheriff of Marion County serve a copy of this order on Bessie Pauline Watson, also known as Pauline Stover, and make immediate return thereof to this Court, and that if said Bessie Pauline Watson, also known as Pauline Stover, fail, for ten days after service thereof, to appear and maintain or relinquish her claim to the proceeds of said insurance policy on the life of Barney Stover, she shall be barred of all claim in respect to said money against the defendant herein, and plaintiff may apply for an order that said money be paid over to her, and that if said Bessie Pauline Watson, also known as Pauline Stover, appear, she may set up her claim thereto, and she shall thereupon be considered as substituted as defendant in place of Northeastern Life Insurance Company of New York, who shall, on compliance with this order of payment of said money be discharged from liability to the plaintiff herein or to said Bessie Pauline Watson, also known as Pauline Stover."

The sum of Five Thousand, Two Hundred and Fifty ($5,250.00) Dollars was paid to the clerk of the court for disposition and payment as to be later adjudged by the court.

Subsequently Bessie Pauline Watson filed her appearance and claim in the matter and plaintiff's counsel then directed certain written interrogatories to

the interpleaded defendant, Bessie Pauline Watson, who answered certain interrogatories and filed a motion to strike out the others. Said interpleaded defendant, Bessie Pauline Watson, filed an Answer in Two Paragraphs, as follows:

## ANSWER—PARAGRAPH ONE

Comes now the substituted defendant by virtue of interpleader and answers plaintiff's complaint as follows:

1. That said defendant is without knowledge of the truth or falsity of the allegations in rhetorical paragraphs 1 and 2, and further plaintiff is put on strict proof of same.

2. That defendant admits the allegations in rhetorical paragraphs 3, 4, 5, and 6.

3. That defendant denies the allegations in rhetorical paragraphs 7, 8, 9 and 10.

WHEREFORE, defendant prays judgment and for her costs herein.

## PARAGRAPH TWO

1. The substituted defendant in paragraph two alleges that she is the beneficiary of said policy referred to in plaintiff's complaint as is heretofore asserted by claim in this cause, and is the owner of and entitled to the entire proceeds of said insurance policy to the exclusion of the plaintiff herein, all of which is predicated upon her being designated as beneficiary by enrollment card, copy of which is filed herewith, made a part hereof and marked substituted defendant's exhibit 'A'.

2. That said defendant is entitled to said proceeds of said insurance policy to the exclusion of plaintiff.

WHEREFORE, defendant prays property judgment and orders setting off to her proceeds of said insurance proceeds and for all other just and proper relief in the premises."
Substituted Defendant's Exhibit A.

"Union Casualty & Life Insurance Company (Duplicate)

Effective Date:
April 1, 1952

ENROLLMENT CARD
for
Central States Drivers Council and Southern
Conference of Teamsters
(Please Print or Type in Answers)

| Last Name: | First Name: | Middle Initial: | | Date of Birth: |
|---|---|---|---|---|
| Stover | Barney | T | | May 25, 1913 |
| Local Union No.: | Social Security No.: | | Sex: | Race: |
| ·135 | 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 | | M | W |
| Last Name of Beneficiary: | First Name of Beneficiary: | | | Middle Initial: |
| Stover | Pauline | | | B |
| Relationship to Employee: | | Certificate Number: | | |
| Wife | | 75587 | | |
| Employee's Home Address Number: | | City: | | State: |
| 563 W. Wilcox St. | | Indianapolis | | Indiana |
| Company Name: | Company Address: | Date Employed by Company: | | |
| McDaniel Fght. | 1220 E. West St., Indpls. | 3-27-52 | | |
| Classification of Work: | Date Card Signed: | | | |
| Dock | 9-12-52 | | | |

/s/ Barney Stover
_____
Write Employee's Signature"

Subsequently, interpleaded defendant's Motion to Strike Interrogatories was overruled and then she filed a motion for an order to take the deposition of Harold E. Rieve, Vice President and counsel of said Northeastern Life Insurance Company of New York. Thereafter amended orders were issued and, on the issues thus formed, the cause was submitted to the court for trial and then continued to August 14, 1961. At this time interpleaded defendant filed her certain motion to require the original defendant, Northeastern Life Insurance Company of New York, to produce certain books, records and documents, which order was granted. An amended paragraph of answer of interpleaded defendant, Bessie Pauline Watson, was filed and a motion to publish the deposition theretofore ordered taken was sustained. At the conclusion of evidence following summation of the cause, the trial court made a finding and entered judgment for the original plaintiff, Georgia E. Stover, Administratrix, and the sum

of Five Thousand, Two Hundred and Fifty ($5,250.00) Dollars which had been paid into court by the original defendant was ordered to be paid to said original plaintiff. Motion for New Trial was filed by interpleaded defendant and overruled, and appellant assigns the overruling of said motion as the only error relied upon for reversal.

The insurance afforded decedent was under a group life insurance and group accident and health insurance policy and is evidenced in the record by an enrollment card with the certificate number 21810 thereon, designating "Dill" Stover, whose real name is John Matt Stover, the father of the deceased, as beneficiary. The certificate was to be retained by the insured and was instructive as to the privileges and obligations of the holders under the group insurance program.

The deceased subsequently became employed by a different employer and the original enrollment card was supplanted in the records of Northeastern Life Insurance Company of New York by a second enrollment card with the certificate number 65717 thereon, naming the new employer and designating the same beneficiary, decedent's father, "Dill Stauer" or Dill Stover, they being one and the same person. A new certificate of insurance, number 65717, was issued to the insured in compliance with the procedure of the insurance company and a copy of said certificate was attached to the appellee's complaint, filed in trial court as Exhibit A, and a photostatic copy thereof was introduced into evidence.

The named beneficiary, father of the insured decedent, died in June of 1958, and the deceased insured died on January 15, 1960, as a result of an accident while at work.

Appellee, as administratrix of the estate of deceased, gave notice to the insurance company that she was

claiming compensation under said policy of insurance as the widow of Barney Stover. However, it appears from the evidence that a third enrollment card, interpleaded defendant's Exhibit C, was filed with the insurance company naming "Pauline B. Stover, Wife" as the beneficiary, and indicating that a new certificate number 75587, had been employed in lieu of the previous certificate, number 65717. There was oral evidence prescribing the procedure required by the insurance company for changing the name of a beneficiary. This was done, according to such oral evidence, by the filing of an enrollment card and, since "Pauline B. Stover, Wife" is named as the beneficiary on the last enrollment card, bearing a certificate number larger and apparently later in time than the previous one, appellant contends that she is entitled to the proceeds from the insurance policy. As a matter of fact, by its complaint to set aside the default judgment against it, the insurance company appears to have assumed the same position, and counsel for appellant now urges this Court to conclude that because the default judgment was set aside on the complaint and affidavit filed by the insurance company, we are bound to the allegations and statements contained therein that the records of the insurance company are such that appellant is the one and only beneficiary and, as such, is entitled to all proceeds from said policy of insurance. However, the certificate of insurance, among other things, provides that:

> "Subject to due proof of death, any sum becoming due on account of the death of an employee shall be payable to the beneficiary or beneficiaries designated by the employee and filed at the Home Office of the Company; provided, that if any designated beneficiary predeceases the employee the share which such beneficiary would have received, if living, shall be payable equally to the remain-

ing designated beneficiary or beneficiaries, if any, who survive the employee. If no designated beneficiary survives the employee, or if no beneficiary shall have been named, the insurance shall be paid to the executors or administrators of the employee, . . ."

While it may be said that a written notice to change the beneficiary from the father to appellant was filed, there is no evidence which would permit the conclusion, or legitimate inference, that such written notice was accompanied by the old certificate of insurance in order that the name of a different beneficiary (appellant) could be endorsed thereon. This is the procedure prescribed by the insurance company, as set out in the certificate of insurance issued to deceased under the group policy.

## DESIGNATION OF BENEFICIARY

An employee insured hereunder may, from time to time, change the beneficiary designated in his certificate by filing written notice thereof with the Company accompanied by the certificate of such employee. Such change shall take effect upon endorsement thereof by the Company on such certificate. After such endorsement, the change shall relate back and take effect as of the date the employee signs said written notice of change, whether or not such employee is living at the time of such endorsement, but without prejudice to the Company on account of any payments made before receipt of such written notice."

Appellant urges this Court to find and hold that the mere filing of an enrollment card with the insurance company is sufficient to effect a change of beneficiary. Appellant also contends that the setting aside of the default judgment against the insurance company is in the nature of *res adjudicata*, and the trial court, as well as this Court, is bound by such adjudication. We cannot, and do not, accept the latter

mentioned contention of appellant, and this Court is of the opinion that the mere filing of the enrollment card is insufficient to establish substantial compliance with the provisions for a change of beneficiary.

Only the evidence most favorable to the appellee can be considered by this Court under the circumstances here presented. See *Zorich et al.* v. *Zorich* (1949), 119 Ind. App. 547, 88 N. E. 2d 694; *Renner* v. *Jones* (1949), 119 Ind. App. 267, 85 N. E. 2d 266; and other cases therein cited. While the deceased insured under the master policy, as evidenced by the certificate of insurance issued to him, retained the right and privilege to change the beneficiary, there is no evidence that he substantially complied with the policy provisions therefor. Admittedly, the deceased insured was, at least to some extent, illiterate, yet he had sufficient capabilities to follow the prescribed procedure when he changed employment from one employer to another by filing a new enrollment card and submitting therewith the old certificate (No. 21810), so that the new certificate (No. 65717), could be, and was, issued.

There is no reason for this Court to give approval either to the insurance company's interpretation of what is necessary to effect a change of beneficiary, or to appellant's assertion that the mere filing of an enrollment card with the insurance company is sufficient to change the beneficiary. We must reject appellant's contention that the provisions set forth in the certificate, as mentioned above, are for the exclusive benefit of the insurance company and may be waived at will. The deceased insured himself is entitled to rely upon such provisions that he may at all times know to whom the proceeds of the insurance shall be payable. This Court expresses the opinion that the only interest which the insurance

company had in the matter was to see that its provisions for changing the beneficiary were substantially followed and, if as testified to, its adopted procedure requires only the presence of a new or subsequent enrollment card naming a new beneficiary, it might find itself involved in a great deal of litigation and additional liability when the question is considered within the terms and provisions of the certificate itself in respect to changing the beneficiary.

The situation before us is indeed a strange one. There was no evidence before the trial court, nor before this Court, which would indicate that the certificate naming decedent's father as beneficiary was supplied to the insurance company. However, the evidence does disclose that the certificate remained in decedent's possession and was found among his personal papers and effects at the time of his death.

The only inescapable conclusion, therefore, is that the certificate was not supplied to the insurance company in order to effect a change of beneficiary, according to the rules of the company, as set forth and above quoted from the said certificate. This conclusion is fortified further by the fact that no new certificate designating "Pauline B. Stover, Wife" as beneficiary has been shown to be in existence or to have been in existence. At this moment we can think of no inference which the trial court could have drawn favorable to the appellant and which would aid her in any wise in a successful effort to recover the insurance funds. On the other hand, we are able to contemplate how easy it might be to perpetrate fraud without strict compliance and adherence to the provisions for the change of beneficiary set forth in the certificate of insurance. We arrive at these conclusions without consideration of the fact that Pauline B. Stover never was, and never could have been, the wife of the dece-

dent as shown by the undisputed evidence that she had a pre-existing spouse. Without going into the morals and the peculiar relationship existing between appellant and the decedent insured, and keeping in mind that the proceeds from the policy, under the decision of the trial court, will finally come to rest and vest in the natural objects of decedent's bounty, we can find no legitimate reason for disproving the decision and judgment of the trial court.

Judgment affirmed.

Bierly, P. J., Hunter and Smith, JJ., concur.

### ON PETITION FOR REHEARING

MOTE, J.—In support of her petition for rehearing appellant, for the first time cites and relies upon *Fletcher* v. *Wypiski et al.* (1950), 120 Ind. App. 622, 94 N. E. 2d 916, the opinion in which was written by Judge Martin of this Court, and insists that our decision and opinion in the instant case contravenes the prior precedent established by the *Fletcher* case.

We think that the facts and legitimate inferences to be drawn in that case and the one now before us are substantially different. In *Fletcher, supra,* the decision of the trial court was against the original beneficiary, while here the decision was against the subsequent alleged beneficiary. It has been uniformly held that there is a strong presumption in favor of the trial court's decision and every reasonable presumption is indulged in favor of the trial court's action. *City of Fort Wayne* v. *Bishop* (1950), 228 Ind. 304, 92 N. E. 2d 544; *City of Fort Wayne* v. *Miller* (1938), 214 Ind. 599, 17 N. E. 2d 90.

The record before us in this appeal would warrant an inference on the part of the trial court that the enrollment card filed with the insurance carrier was

not, in fact, executed by the deceased insured, and it seems to us that such inference not only was warranted but rather natural, in view of the evidence to the effect that decedent had possession of the certificate of insurance until his death; whereas, in the *Fletcher* case, possession of such certificate of insurance was in the possession of the beneficiary. Stover did not suffer the handicap in the delivery of the certificate as did the assured in *Fletcher*.

In arriving at its decision, the trial court may have considered the opportunity to perpetrate a fraud on decedent and his estate by deciding that substantial compliance with the provisions of the certificate of insurance required, under the facts and circumstances made apparent by the record, that the prior or old certificate should have accompanied the enrollment card for either endorsement of change of beneficiary thereon, or for the destruction of the prior or old certificate and the issuance of a new one showing the change of beneficiary. By this method, deceased insured then would have been fully apprised of what had been done upon receipt of the endorsed or new certificate of insurance. Thus he could have taken steps to correct any fraud which may have been hatched against any desire he may have had in this respect.

As we at least indicated in our original opinion, the funds from the insurance policy or certificate, by our decision, will come finally to rest in the possession of the natural objects of deceased insured's bounty, his lawful widow and children, and not in the possession of one who was not and could not have been his wife, due to her than existing matrimonial status with another, which should strike any fair minded and objective person as abhorrent, were it possible to decide otherwise.

Rehearing denied.

NOTE.—Reported in 204 N. E. 2d 374. Rehearing denied in 205 N. E. 2d 178.