HUMPHREY *v.* COMMONWEALTH LIFE INSURANCE COMPANY.

[No. 868A133. Filed September 29, 1969. No petitions for rehearing or transfer filed.]

*John D. Clouse,* of Evansville, for appellant.

*Robert H. Hahn, Bamberger, Foreman, Oswald & Hahn,* of Evansville, for appellee.

SHARP, J.—This action was commenced by the filing of a complaint by the appellant-plaintiff, Annie L. Humphrey, against the defendant-appellee, Commonwealth Life Insurance Company of Louisville, Kentucky.

The complaint was in one legal paragraph and alleged that on January 6, 1947, the appellee insurance company issued a life insurance policy on the life of Erich Eugene Chensoff in the sum of $1000.00, upon which policy the appellant was designated as beneficiary. The complaint further alleged that Erich Eugene Chensoff died May 8, 1963, and alleged that the appellant was the sole beneficiary of the policy at the time of the insured's death and that no payment has been made pursuant to the policy.

The appellee filed two paragraphs of answer. The first paragraph of answer admitted the issuance of the policy and admitted that the appellant has not been paid and denied, or was without information, as to the remaining allegations of the appellant's complaint. The second paragraph of answer attached a copy of the life insurance policy in question and alleged that said policy was issued upon the application of Eugene V. Chensoff, father of the insured. The second paragraph of answer further stated:

"2. That this policy provided, among other things, that the applicant, instead of the insured, had the benefits, rights and privileges under the policy. It further provided that the applicant could change the beneficiary, by filing at the company's home office a written request along with the

policy, and the change of beneficiary takes effect only upon endorsement of the same upon the policy by the company.

3. That on June 19, 1951, the applicant filed a written request for change of beneficiary (Exhibit 'B') but did not forward the policy to the company's home office, because the maternal grandparents of the named insured had it and would not relinquish possession of it.

4. That by reason of these facts it was impossible for the applicant, Eugene V. Chensoff, to comply with the policy provisions concerning change of beneficiary; and that he, as new beneficiary is entitled to the proceeds of the policy."

The policy in question has several important features:

1. Waiver of premium—if the owner of the policy became disabled the company would keep the policy in force.

2. The Applicant (Eugene V. Chensoff) retained ownership of the policy, with its attendant rights and privileges.

3. The beneficiary of the policy could be changed by sending in the policy and forms provided by the company, and the change in beneficiary would be in effect when the company endorsed the new beneficiary name on the policy.

4. The owner could borrow on the policy by sending it in and assigning it to the company.

5. Policy ownership could be changed by filling out forms and generally notifying the company.

The second paragraph of appellee's answer also had attached to it the written request for change of beneficiary whereby Eugene V. Chensoff requested that the appellee change the beneficiary on this policy from the appellant to himself. The appellant demurred to the second paragraph of answer on the ground that it did not state facts sufficient to constitute a defense. The supporting memorandum to this demurrer claimed that the change of beneficiary was not effectual since the policy was not presented to the home office for endorsement as requested in the policy. This demurrer of the appellant to the second paragraph of answer of the appellee was overruled by the trial court. The appellee filed motion for summary judgment attaching thereto a copy of the policy, a copy of a loan agreement whereby the applicant

Eugene V. Chensoff was loaned the principal sum of $493.00, a supporting affidavit, a cancelled check showing the payment of $493.00 pursuant to the loan agreement, a schedule of interest on the policy loan, a copy of the change of beneficiary form dated June 19, 1951, and the affidavit of Eugene V. Chensoff.

Thereafter the appellee filed an amended setoff which alleged:

"1.  That the policy sued upon was made a part thereof.

2.  That the policy provides that the applicant for this policy, instead of the insured, has the benefits, rights, and privileges under the policy. That the Company will, upon assignment and delivery of the policy, make loans upon it.

3.  That the applicant made a loan against this policy, which, with interest totals $658.21, and when this loan was made, applicant executed and delivered to the appellee company an assignment.

4.  That said loan was not repaid when the insured died, and additional interest is due thereon."

The appellant filed a reply to the second paragraph of appellee's answer which in effect denied the material allegations thereof. Appellant demurred to the appellees' amended setoff on the ground that it did not state facts sufficient to constitute a defense. The supporting memorandum to this demurrer contended that the amended set off of the appellee did not allege that the application of the policy in question delivered the policy to the appellee when he applied for a loan upon it contrary to the provisions contained in the policy. The trial court overruled this demurrer.

The appellant filed answer to the appellees amended set off denying the material allegations thereof. Thereafter the appellant filed an amended second paragraph of answer to the appellee's amended setoff, which alleged in substance:

"1.  That appellee acted by agents, whose names are unknown to appellant.

2.  That appellant and the applicant for the policy sued upon, Eugene V. Chensoff, had been married, but were di-

vorced in February of 1951, that when they were divorced, appellant kept the policy sued upon, of which she was then beneficiary, as part of her share of marital property, which retention was acquiesced in by the applicant, her former husband. That at the time of the divorce, there were no loans against this policy. That appellee knew all of this.

3. That at all times this policy was either in the hands of appellant or her mother, Louise Elder, and at no time prior to the death of the insured did appellee request the policy from them.

4. That prior to the divorce of appellant and her applicant husband, he became disabled to the extent that appellee waived further premiums, pursuant to a policy provision, and appellee notified appellant and the applicant that nothing concerning said policy could thereafter be changed.

5. That when appellant was divorced and retained said policy, she relied upon her possession of the policy to insure the life of her son, and made no effort to procure other insurance for him. That appellee had knowledge of all of these facts, one of its agents having been so informed.

6. That appellant did not know that a loan had been purportedly made against said policy until she made a claim thereon.

7. That not until appellant had made a claim upon said policy, did appellee notify appellant of the purported loan, although it had knowledge of all of the above fact."

Thereafter the appellee filed its demurrer to the appellant's second paragraph of reply to the second paragraph of appellee's answer on the ground that said reply failed to state facts sufficient to void appellee's second paragraph of answer, which demurrer was sustained. The appellee then filed a demurrer to the appellant's amended second paragraph of answer to appellee's amended setoff which was also sustained. Thereafter the appellant filed an affidavit in opposition to appellee's motion for summary judgment which in substance stated:

"1. Appellee is a corporation in the life insurance business.

2. Appellee issued a policy of life insurance, insuring the life of appellant's son, Erich Eugene Chensoff, for One Thousand Dollars ($1,000.00) with appellant as beneficiary.

3. That the insured died of a cause insured by the policy.

4. That appellant was the insured's mother, and the only person named in said policy as beneficiary.

5. Appellant performed all policy conditions.

6. The appellant made proof of death and demanded payment, which was refused.

7. That appellee owes appellant One Thousand Dollars ($1,000.00) none of which has been paid.

8. That at all times pertinent appellee acted through agents.

9. That appellant and one Eugene V. Chensoff had been married, but were divorced, and when they were, appellant kept the policy in question as part of her share of marital property, which retention was acquiesced in by her former husband. That when they were divorced appellant was the beneficiary of this policy and there were no loans against it. That appellee knew all these things.

10. That at all pertinent times the policy was either in the hands of appellant or her mother, which appellee knew, and appellee never requested surrender of the policy, prior to the death of the insured.

11. That prior to appellant's aforesaid divorce, her husband became disabled so that the waiver of premium provision of said policy become operative, and upon this occurrence appellee notified appellant and her husband that nothing concerning said policy could thereafter be changed.

12. That when appellant was divorced and got to keep this policy, she relied on her possession of it, and made no effort to get other insurance on her son's life. That appellee had knowledge of this reliance.

13. That not until appellant made a claim upon said policy did she discover the attempted change of beneficiary and purported loan against it.

14. That at no time until appellant made a claim on the policy in question did appellee, although it had knowledge of the above facts, notify appellant of the attempted change of beneficiary or purported loan."

Thereafter the appellant filed a written refusal to amend her amended second paragraph of reply to the second paragraph of appellee's answer or her amended second paragraph of answer to appellee's amended setoff or to plead over after the sustaining of the demurrer thereto. The trial court granted appellee's motion for summary judgment.

The assignment of errors filed by the appellant asserts five grounds for error:

"1. The Court erred in overruling the appellant's demurrer to the appellee's second paragraph of answer.

2. The Court erred in overruling the appellant's demurrer to the appellees' amended set-off.

3. The Court erred in sustaining the appellee's demurrer to appellant's amended second paragraph of reply to appellee's second paragraph of answer.

4. The Court erred in sustaining the appellee's demurrer to the appellant's amended second paragraph of answer to appellee's amended set-off.

5. The Court erred in granting appellee's motion for summary judgment and in granting summary judgment for appellee and against appellant."

The appellant has failed to argue the fifth assignment of error regarding the granting of summary judgment either in her brief or in oral argument and therefore this ground is waived.

In oral argument the parties agreed that if the trial court was correct in its rulings on the demurrers cited in the first four assignments of error, then it properly entered summary judgment.

We must therefore determine whether or not as a matter of law the trial court was correct in its ruling upon the four demurrers referred to in the assignment of errors.

A brief sketch of the sequence of events is necessary. The facts here recited are not in dispute. The policy was purchased by Eugene V. Chensoff, the insured's father, in 1947 when the insured was three months old. At that time Appellant Annie L. Humphrey was named as beneficiary. In November 1949, the owner of the policy entered a Veterans Administration Hospital completely paralyzed, and in January of 1950, Appellee Commonwealth Life began paying the premiums pursuant to its waiver of premium clause. Eugene V. Chensoff was hospitalized until 1953, and in an affidavit in 1964, supporting Appellee's Motion for Summary Judgment,

he stated he was living in Copenhagen, Denmark, and was paralyzed from the neck down.

In February of 1951, Appellant and Eugene V. Chensoff were divorced. The children of the marriage, including the insured, went to live with the maternal grandparents. Eugene V. Chensoff was in the hospital at the time of the divorce and the policy went with the children to the home of the grandparents. In June of 1951 Eugene V. Chensoff requested the policy from the maternal grandmother but she refused to relinquish the policy because she was keeping it toward the insured's education. After apprising Appellee Commonwealth Life of his inability to get possession of the policy, Eugene V. Chensoff was granted a waiver of the requirement of forwarding the policy to the home office for marking and he named himself as beneficiary.

In 1958 Appellee loaned $493.00 to Eugene V. Chensoff on the policy. Again Appellee waived the requirement of sending in the document and assigning it to the Appellee for the reasons as above stated in his inability to obtain possession of the policy.

Appellant essentially claims the trial court erred as a matter of law in holding the change of beneficiary and loan setoff to be valid. She approaches the problem from two distinct legal arguments. The change in beneficiary and loan setoff are attacked as being invalid because the provisions of the insurance contract itself were violated in that appellee never took possession of the document to mark the beneficiary change upon it, and the contract was never sent and assigned to the Company on the loan. She argues the appellee may not waive the provisions of its own policy. These two actions are also assaulted by appellant's theory that she was the equitable owner of the policy pursuant to an informal property settlement between herself and Eugene V. Chensoff at the time of their divorce. Appellant claims the beneficiary change and loan would then be void as unauthorized acts against her ownership.

At the outset we must emphasize that appellant's claims is against the insurance company and not against the other possible beneficiary, Eugene V. Chensoff. This is an important distinction. The appellee Commonwealth Life is not a mere stakeholder defendant while two real litigants seek to establish equitable claims to the proceeds. Here the action is at law on the contract and appellant must show her legal interest in the contract and not her equitable claim.

The appellant mistakenly relies upon *Hoess, Admrx.* v. *Continental Assurance Co., et al.,* 130 Ind. App. 562, 164 N. E. 2d 125 (1960), and *Stover, etc.* v. *Stover, et al.,* 137 Ind. App. 578, 204 N. E. 2d 374, reh. den. 205 N. E. 2d 178 (1965), for the proposition that an insurance company may never waive the requirements of its contract. However, a close inspection of those cases indicates a different and less final conclusion. In *Hoess, supra,* after explaining a detailed fact situation wherein the insurance company involved interpleaded another possible beneficiary, the court held that the oral request for a beneficiary change, as done through his employer's group insurance records department, was inadequate. This court then went on to clarify:

> "This is not such a case where the insured has done all in his power which he can do to change the beneficiary, and then some intervening cause or his death before the change is effective has occurred preventing the effectuation of the change so that a court of equity will decree that to be done which ought to be done." 130 Ind. App. at 569.

In *Stover* v. *Stover, supra,* this court could not find "substantial compliance" with the provision in the insurance contract that required the policy be sent in on a beneficiary change when, like *Hoess,* the problem dealt with cards signed by the owner of the policy and then handled by his employer pursuant to its group plan insurance administration. The court noted the danger of fraud inherent in the enrollment card situation, which made sending in the policy an additional

safeguard. In each of the cases the policies themselves were found among the personal effects of the deceased insured owners of the policies, and in each of the provisions of sending in the policy were not specifically waived as in the case at bar.

In this unique fact situation before us, it is obvious that Eugene V. Chensoff did all in his power to procure the policy itself. He made demand for the policy but was refused, and from his hospital bed was in no position to do more. The insurance company specifically waived the requirment upon notification. At this time Eugene V. Chensoff, in direct correspondence with the appellee, did send what forms the company requested, so both owner and appellee, the two contracting parties, were apprised of the change in the policy in force. This was easily "substantial compliance". When the owner of a policy cannot get possession of the document, notice to the company and compliance with their further requests sufficiently guards against fraud to constitute substantial compliance. The rights of the beneficiary, being a mere expectation and not a vested interest, are not harmed. *Fletcher* v. *Wypiski*, 120 Ind. App. 622, 94 N. E. 2d 916 (1950).

Appellant's argument as to the loan setoff violating a similar provision in the policy is analogous to the change in beneficiary provision. Again the contracting parties knew the situation, and the appellee waived strict compliance with the requirement that the policy be sent in and assigned to them by substituting proper forms which were duly executed.

Appellant's claim of ownership of the insurance policy is without merit. There were two possible ways for her to acquire ownership of the policy. One was by assignment, in which case such assignment would not be binding upon the appellee because the policy provisions regarding notification were not followed. While an alleged assignment might be good as an equitable claim against Eugene V. Chensoff, here appellant must establish her legal ownership of

the contractual rights. To do this she was required to send in a copy of the assignment, which was not done. The other way appellant might have acquired ownership of the policy was through the decree when she and Eugene V. Chensoff were divorced in February of 1951. *Nagel* v. *Nagel,* 130 Ind. App. 465, 470, 165 N. E. 2d 628, 630 (1950), simply states the age old general rule:

> "In a divorce action all property rights connected with the marriage are to be settled. *Behrley* v. *Behrley et al.* (1883), 93 Ind. 225; *Radabaugh* v. *Radabaugh* (1941), 109 Ind. App. 350, 35 N. E. 2d 114. The court not only has the power to so act, but the exercise of that power is mandatory."

It is clear that in absence of mention of the ownership of the policy in the divorce decree between appellant and Eugene V. Chensoff, that ownership was not affected and remained in Eugene V. Chensoff. The claim that there was an informal property settlement relates to appellant's continuous reliance upon an equitable claim when at issue is the legal title. Whatever private agreement appellant had with Eugene V. Chensoff at the time of their divorce is of no benefit to her against the appellee insurance company.

We therefore find that the trial court was correct in its ruling on the demurrers referred to in appellant's first four assignment of errors.

There being no error in the decision of the trial court, the judgment should be and is affirmed. Costs v. appellant.

Pfaff, C.J., Hoffman, J., concur; White, J., concurs in result.

NOTE.—Reported in 251 N. E. 2d 45.